OPINION OF THE COURT
Arnold P. Etelson, J.
In this action by a school teacher in the sum of $2,950 labeled on the indorsed complaint "contractual and value of services rendered”, defendant moves to dismiss the complaint, pursuant to CPLR 3211 (subd [a], par 7). Defendant’s motion is grounded on its allegation that the complaint fails to state a cause of action in that plaintiff has failed to allege, pursuant to section 3813 of the Education Law, that she presented to defendant within three months after the accrual of her claim a verified claim and that defendant or its agent neglected or refused to make an adjustment or payment within 30 days after presentment.
Plaintiff, in her opposing affidavit, has set forth a copy of a notice of claim which she states was served on defendant on October 24, 1978. Although her claim appears to be for services rendered and for other benefits during the school year ending June 30, 1978, she urges that the cause of action accrued at the beginning of the next school year, September 1, 1978. She also urges that section 3813 of the Education Law is a Statute of Limitations which can be tolled or waived by action of the party seeking its affirmative defense.
Section 3813 of the Education Law appears clearly to be a condition precedent to the instituting of an action, rather than a Statute of Limitations. The theory of tolling is not available, but that of estoppel is, upon appropriate facts which are not relevant at this posture of the case for the purposes of the instant motion.
Section 901 of the UJCA provides that pleadings between plaintiff and defendant shall consist of a complaint and answer and, when ordered, a reply. Section 902 of the UJCA states that if plaintiff’s action is for a sum of money only, the "complaint may be set forth by indorsement upon the summons”.
*698 It is the view of this court that a plaintiff appearing pro se and utilizing an indorsed complaint with the aid of the court clerk need not allege in such indorsed complaint the technical elements of a cause of action. (See Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, UJCA, § 903, p 146 [1978-1979 Pocket Part]; Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA, §§902, 903, pp 72-82 [1978-1979 Pocket Part].) (See, also, Daigler v Mitchell, 39 NYS2d 465; Campbell v Porter, 46 App Div 628.) However, where, as in the case at bar, the defendant challenges the sufficiency of the complaint, it is appropriate to order plaintiff on the court’s own motion to serve and file a formal complaint pursuant to subdivision (e) of section 902 of the UJCA. In such formal complaints a proper allegation concerning a condition precedent, such as that required by section 3813 of the Education Law, must be set forth at the risk of a renewal of defendant’s motion addressed to plaintiff’s formal pleading. Because of the discretion given to the court in subdivision (e) of section 902 of the UJCA, the court should decide whether a formal pleading is necessary to advise the adversary of the nature or details of the claim, whether such details can be best provided by directing the service of a specific demand for certain particulars and the service of a bill of particulars in response thereto, or whether the demand for a formal pleading is a harassing or delaying tactic by the adversary. Once the case has reached the stage where formal pleadings are required for the edification of the court and the parties, the latter are well advised to seek aid of counsel.
The motion to dismiss the complaint is denied without prejudice and plaintiff is directed to serve and file a formal complaint within 30 days from the date hereof.