OPINION OF THE COURT
Memorandum.
Order modified to the extent of denying defendant’s motion for summary judgment on condition that plaintiff serve and file a formal amended complaint within 30 days of the date of the order hereon, as so modified affirmed without costs.
The pro se indorsed pleadings dated May 30, 1991 state that plaintiff is suing in the amount of $24,750 for "Return of fees and rentals paid for illegal rental of apartment at 61-11 70 St., Middle Village, and expenses incurred”.
Both sides moved for summary judgment and the court granted defendant’s application and denied plaintiffs motion for summary judgment. It cited Multiple Dwelling Law § 325 (2) which states that where a resident of an unregistered dwelling (in this case an illegal three-family house) voluntarily pays rent when he had a right to withhold it under this section, he shall not thereafter have any claim to recover these payments.
In our view there are issues of fact requiring a plenary trial. The plaintiff has raised an issue regarding the breach of the warranty of habitability. The plaintiff, former tenant, may bring a plenary action to recover a sum of money for the percentage reduction of the contracted-for rent (Real Property Law § 235-b; Park W. Mgt. Corp. v Mitchell, 47 NY2d 316, 329). An action for the breach of the warranty of habitability is not barred under Multiple Dwelling Law § 325 (2) which merely prevents a resident from recovering voluntary rent payments because the owner of the multiple dwelling failed to comply with the registration requirements of the Multiple Dwelling Law.
There also appears to be a cause of action for fraud and misrepresentation. The plaintiff served a summons and indorsed complaint in this action. The purpose of an indorsed complaint is merely to apprise defendant of the nature of the cause of action. Pursuant to CCA 902 (a) (1): "If the plaintiffs cause of action is for money only, the cause of action may be set forth by indorsement upon the summons. The indorsement shall consist of a statement of the nature and substance of the cause of action, and the summons in such instance shall set *15 forth the amount in which the plaintiff will take judgment in the event of default. If the plaintiff shall appear without attorney, such indorsement shall be made by the clerk.”
Since this was an action for money only in the Civil Court the plaintiff’s cause of action may be set forth by indorsement upon the summons. It is noted, however, that since plaintiff is suing for $24,750 and is alleging an action for fraud and misrepresentation the circumstances should be stated in detail in a formal complaint (CCA 902 [e]; CPLR 3016 [b]).