*732 OPINION OF THE COURT
Per Curiam.
Order entered June 7, 1995 modified by vacating the award of sanctions and, as modified, affirmed, without costs.
The action, commenced by service of a summons and indorsed complaint, is founded upon grave allegations that defendants "fraudulently” obtained default judgments against plaintiffs in several prior actions, with knowledge that those proceedings "were fraught with procedural irregularities and lacking in personal jurisdiction”. Prior to answering, the corporate defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint for failure to state a cause of action and, alleging the absence of any justification "in law or fact” for maintenance of the suit, additionally sought to impose rule 130 (22 NYCRR 130-1.1) sanctions against plaintiffs.
 Civil Court properly denied the defendant’s preanswer dismissal motion, since the summary statement of the cause of action contained in the indorsed complaint adequately apprised each of the defendants of the "nature and substance” of plaintiffs’ claim (CCA 902 [a] [1]; 903; see, Siegel, Practice Commentaries, McKinney’s Cons Law of NY, Book 29A, CCA 903, at 176-180). The court erred, however, in going further and, sua sponte, awarding rule 130 sanctions against the corporate defendant and its counsel. While in appropriate circumstances a baseless request for sanctions itself may constitute frivolous conduct within the meaning of rule 130 (see, Patterson v Balaquiot, 188 AD2d 275), it has not been shown in this case that the sanctions request accompanying defendant’s dismissal motion was frivolous. The thin record so far developed, limited in scope to the narrow issue of the facial sufficiency of the short-form complaint, provides no basis to assess either the substantive merits of plaintiffs’ stated cause of action or the bona tides of defendant’s sanctions request in response thereto.
Parness, J. P., McCooe and Freedman, JJ., concur.