OPINION OF THE COURT
Rolando T. Acosta, J.
Defendant moves to dismiss plaintiff’s claims, pursuant to *750 CPLR 3211 (a) (7) and 3014, for failure to state a cause of action. The pro se plaintiffs claims, prepared with the aid of a court clerk, are set forth on an endorsed complaint. Defendant’s motion requires the court to address an important question regarding the sufficiency of pleadings on endorsed complaints: “If [a] ‘cause of action’ * * * need not be stated in an indorsement pleading to the extent that it would have to be stated in a formal pleading, just how much will satisfy as an indorsement pleading?” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 903, at 178.)
The Endorsed Complaint and the Motion to Dismiss
On March 9, 1999, plaintiff filed a summons with endorsed complaint in New York County in the Civil Court of the City of New York. The summons indicates the damages sought ($50,000) and the date from which interest is sought (Dec. 23, 1997), which by inference is the date of the events giving rise to the action. Further, the endorsed complaint specifically provides that: “the nature and substance of the plaintiffs cause of action is as follows: 1st Cause of Action: $25,000 Damage Caused to Person; 2nd Cause of Action: $25,000 Loss of Time from Work.”
Because plaintiff appeared pro se, the endorsement on the summons was made by the clerk, pursuant to CCA 902 (a) (1). The source of the information for the endorsement was a form, entitled “Application for a Pro Se Summons,” completed and signed by plaintiff.[1] The form contains two sections: a section which identifies the “parties” and a section which identifies the “claim.” The claim section requires that the pro se plaintiff indicate the “reason for [his or her] claim” by choosing from the following list of suggested claims, including a generic “other,” designed to help the prospective plaintiff to accurately articulate, in writing, his or her cause of action:
Damage caused to:_automobile _person _property other than automobile
Failure to provide: repairs _proper services goods ordered
Failure to return: security _property _deposit _money
Failure to pay for: _wages _services rendered_insurance claim _rent
_commissions_money loaned _goods sold and delivered
Breach of: contract lease
*751 Loss of: _luggage _property _time from work _use of property
Returned: _check (bounced) _merchandise (not reimbursed)
Other: (Be brief)_
This form, used in all of the courts of the Civil Court of the City of New York, has been used to help pro se plaintiffs at least since 1992.
On her form/application, plaintiff checked the claims indicating “Damage caused to * * * person” and “Loss of time * * * from work,” which the clerk then used to generate the summons with endorsed complaint in this action. No further allegations regarding the nature and substance of plaintiffs claims are set forth on the summons with endorsed complaint.
After filing its answer, defendant promptly moved to dismiss the complaint for failure to state a cause of action. In its motion, defendant’s counsel describes the action as one “for personal injuries allegedly sustained by plaintiff on December 23, 1997,” and expressly assumes that the plaintiffs action is based on a claim of “negligence.” Relying upon CPLR 3014 and 3211 (a) (7), however, defendant argues that the complaint fails to “adequately state [ ] plaintiffs theory against” defendant. Specifically, defendant claims that plaintiffs allegations fail to “inform the defendant what it is alleged to have done to cause [plaintiffs alleged] damage” (i.e., the “who, what, when, where and how” of the accident). Defendant also argues that plaintiffs claimed damages ($50,000) exceeded the jurisdictional amount of Civil Court.
In response to defendant’s motion, plaintiff cross-moved to amend her complaint to reduce her claimed damages to $25,000. In her affidavit, plaintiff set forth the following additional allegations regarding her claim: “I fell down 3 steps on the subway stairs due to the fact that I had to carry my son Kwan over water that was settled at the bottom of the step resulting in a torn menicul [sic] of Lt knee.”
In reply and opposition, defendant consents to the downward amendment of the claimed damages. Although defendant originally moved to dismiss only for failure to “state a cause of action,” defendant now argues, in its reply and opposition papers, that the action should be dismissed because plaintiff “has no cause of action.” In support of the motion, however, defendant relies only upon the affirmation of counsel and does not submit an affidavit from a person with personal knowledge, *752 or any other extrinsic evidence, except a weather report indicating that it was raining rather heavily on the day in question. In her affirmation, counsel argues that plaintiff failed to explain what “caused” her to fall, and failed to “produce some proof tending to show that the defendant created the dangerous condition causing injury to the plaintiff or had either actual or constructive notice of the dangerous condition.” Counsel further argued that plaintiff herself failed to use reasonable care under the circumstances.
Discussion
Pleadings in Civil Court are primarily governed by CCA article 9. Generally, in Civil Court “[a] 11 pleadings shall be formal pleadings, as in supreme court practice.” (CCA 902 [a].) The major exception to that general rule, however, is an exception which virtually eviscerates the rule — namely where “the plaintiff’s cause of action is for money only” (CCA 902 [a] [1]), the most common cause of action asserted in Civil Court.
In money-only actions, “the cause of action may be set forth by indorsement upon the summons” and the “indorsement shall consist of a statement of the nature and substance of the cause of action.” (Ibid.) Further, should “the plaintiff * * * appear without attorney, such indorsement shall be made by the clerk.” (Ibid.) Notably, should a party, having been served with an indorsement pleading, desire a formal complaint where none is required, he or she may move for an order, “direct [ing] the service and filing of a formal pleading,” or the court may issue such an order sua sponte “in any case * * * at any time before judgment.” (CCA 902 [e].)
Absent such an order, CCA 903 provides that the CCA and/or CPLR “requirements * * * applicable to a formal pleading shall not be applicable to an indorsement pleading.” The simple purpose of CCA 903 is “to prevent any of the technicalities of pleading — and even some matters that are not mere technicalities — from being applied to an indorsement pleading.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 903, at 176.)
Thus, when a party utilizes a summons with endorsed complaint, he or she may properly dispense with, inter alla, the separate numbering requirements of CPLR 3014, and the particularity requirements of CPLR 3015 and 3016. Nor would he or she be required to set forth the “material elements” of the asserted causes of action, or otherwise give “notice of the transactions, occurrences * * * intended to be proved,” as required by CPLR 3013 for formal pleadings. (See generally, *753 Siegel, op. cit., at 176-178; see also, Gaeta v Home Box Off., 169 Misc 2d 500, 507 [Civ Ct, NY County 1996]; cf., Oelkrug v Gilwaldron Realty Co., 45 Misc 2d 160, 161 [App Term, 2d Dept 1964] [where plaintiff asserted claim of malicious prosecution “(f)allure to include in the indorsement on the summons an allegation that defendant lacked probable cause to commence the criminal prosecutions was not a fatal omission”].)
Instead, the only substantive pleading requirement of an endorsed complaint is that it shall set forth the “nature and substance of the cause of action” (CCA 902 [a] [1]; Freliba, Ltd. v Essential Dental Sys., NYLJ, June 28, 1994, at 25, col 6 [App Term, 1st Dept]), which may be satisfied by setting forth a “summary statement of the cause of action” (Southern Blvd. Sound v Felix Storch, Inc., 167 Misc 2d 731, 732 [App Term, 1st Dept 1996]; Kimma v Leonard Chazen, Inc., 8 Misc 2d 589 [App Term, 1st Dept 1957] [under predecessor statute]), as long as it generally apprises the defendant of the claim. (Carcione v Rizzo, 154 Misc 2d 13, 14 [App Term, 2d Dept 1992]; see generally, Picone v Jacobs, NYLJ, Dec. 5, 1969, at 17, cols 6, 7 [Civ Ct, NY County] [“ If * * * the few words (or even single word) used indicates in the most general way what the cause * * * £s * * * the indorsement pleading should be sustained * * * What section 903 seeks to do is to require for an indorsement the barest minimum — the terse sentence or even phrase that will merely enable the court to say that it gives the party a “general idea” of what is being pleaded’ ”], quoting Siegel, 1964 Practice Commentary, McKinney’s Cons Laws of NY, Book 29A, CCA 903, at 48.)
The foregoing sufficiency standard for an endorsed complaint is analogous to the sufficiency standard for notices which must be attached to the summons (where the plaintiff does not serve the complaint with the summons) in Supreme and County Court actions, pursuant to CPLR 305 (b).[2] (See, Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 903, at 179.)
Applying the foregoing standards, courts have sustained endorsed complaints which merely allege “defamation” (Gaeta v Home Box Off., supra, 169 Misc 2d, at 507), “breach of contract, negligence and unjust enrichment” (Skowron v *754 Manufacturers Hanover Trust Co., 150 Misc 2d 1051, 1052 [App Term, 2d Dept 1991]); or which merely alleged that “the object of this action is to recover $10,000 damages for negligence” (Picone v Jacobs, NYLJ, Dec. 5, 1969, at 17, col 6 [Civ Ct, NY County], supra), or which allege that defendants “ ‘fraudulently’ obtained default judgments against plaintiffs in several prior actions, with knowledge that those proceedings ‘were fraught with procedural irregularities and lacking in personal jurisdiction’ ” (Southern Blvd. Sound v Felix Storch, Inc., supra, 167 Misc 2d, at 732; see also, Rowell v Gould, Inc., 124 AD2d 995 [4th Dept 1986] [notice stating, “ ‘(t)he nature of this action is negligence,”’ is sufficient under CPLR 305 (b)]; Viscosi v Merritt, 125 AD2d 814 [3d Dept 19861 [same]).
Further, even where courts have doubts regarding the sufficiency of an endorsed complaint, courts have refused to dismiss the complaint outright, opting instead to order plaintiff to serve and file a “formal complaint” pursuant to CCA 902 (e). (See, e.g., Carcione v Rizzo, supra, 154 Misc 2d, at 14; Herman v East Ramapo Cent. School Dist., 99 Misc 2d 696, 698 [Just Ct, Rockland County 1979].)
Here, plaintiff described the nature of her claims as “$25,000 Damage Caused to Person” and “$25,000 Loss of Time from Work.” Applying the aforementioned standard to the foregoing endorsement pleading, the court finds that the complaint sufficiently sets forth, in “summary” fashion (Southern Blvd. Sound v Felix Storch, Inc., supra, 167 Misc 2d, at 732), the “nature and substance of the cause [s] of action” (CCA 902 [a] [1]) to apprise defendant of the claims against which it must defend. Indeed, in its motion papers defendant manifested its awareness of the nature of the claim by acknowledging that it had inferred from the endorsed complaint that plaintiff was alleging that the “damage to person” was caused by defendant’s “negligence.”
Accordingly, the court finds that the endorsement is sufficient. This result is wholly consistent with the intended purpose of CCA 903, which is “to prevent any of the technicalities of pleading — and even some matters that are not mere technicalities — from being applied to an indorsement pleading.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 903, at 176.)
Contrary to defendant’s contentions, plaintiff was not required, by her endorsed complaint, to “inform the defendant what it is alleged to have done to cause [plaintiffs alleged] damage” or to otherwise “produce some proof tending to show *755 that the defendant created the dangerous condition causing injury to the plaintiff or had either actual or constructive notice of the dangerous condition.” Nor was plaintiff obliged to allege facts in the endorsed complaint regarding the “who, what, when, where and how” of the accident.
Significantly, the summons with endorsed complaint here was duly prepared by one of the clerks who properly relied upon a form completed by the pro se plaintiff. The plaintiff completed the form by identifying, from the available suggested choices, the claims which most accurately reflected her causes of action against defendant. Under these circumstances, “there is every additional reason not to hold the plaintiff to any formalities at all.” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 903, at 179.)
Should defendant wish to obtain more detailed facts regarding plaintiff’s claims, defendant’s remedy, aside from commencing discovery, is to move for an order directing plaintiff to serve and file a “formal pleading,” pursuant to CPLR 902 (e). Indeed, that would be the remedy the court would grant were the court to entertain doubts about the sufficiency of the endorsed pleading here. Yet, at this time the court declines to sua sponte direct the pro se plaintiff to file a formal complaint since plaintiff has already voluntarily provided additional details regarding her claim, the filing of a formal complaint may unnecessarily delay the expeditious resolution of this action and defendant has not expressly sought such relief. Defendant, of course, is granted leave to move for such relief at any time before judgment. (CCA 902 [e].)
Accordingly, as indicated in its prior order dated October 15, 1999, the motion to dismiss is denied and the cross motion to amend the damages clause is granted.

. The original application/form is made part of the Civil Court file.

. CPLR 305 (b) provides that “[i]f the complaint is not served with the summons, the summons shall contain or have attached thereto a notice stating the nature of the action and the relief sought, and, except in an action for medical malpractice, the sum of money for which judgment may be taken in case of default.”