■ PENTALPHA ENTERPRISES, LTD., et al., Appellants-Respondents, v COOPER & DUNHAM LLP et al., Respondents-Appellants. [936 NYS2d 173]—

Plaintiffs infringed a patent owned by defendant SEB beginning in 1997. SEB sued plaintiffs in Federal District Court in 1998, and successfully obtained a preliminary injunction in 1999, which was affirmed by the Second Circuit in 2000 (*SEB S.A. v Montgomery Ward & Co., Inc.*, 77 F Supp 2d 399 [1999], *affd* 243 F3d 566 [2000]). The following five years consisted of discovery disputes, primarily involving plaintiffs' accusations of discovery misconduct by defendants concerning document request No. 14. In 2006, the issue was conclusively decided when a federal jury found plaintiffs liable for willful infringement and inducement to infringe. Subsequently plaintiffs' motion to set aside the verdict was denied after a hearing (*SEB*

*S.A. v Montgomery Ward & Co.*, 2007 WL 3165783, 2007 US Dist LEXIS 80394 [2007]). Plaintiffs appealed both the jury verdict and the denial of the motion to set aside the verdict to the Federal Circuit, then to the United States Supreme Court. Plaintiffs again lost (594 F3d 1360 [2010], *affd sub nom. Global-Tech Appliances, Inc. v SEB S.A.*, 563 US —, 131 S Ct 2060 [2011]).

Plaintiffs brought the instant state court action alleging discovery misconduct concerning request No. 14, but couched their assertions as claims sounding in fraud and violations of Judiciary Law § 487, and included as defendants not only SEB, but SEB's law firm and firm partners. Plaintiffs lost in the court below on the grounds that their claims were barred pursuant to the doctrines of res judicata and collateral estoppel.

Plaintiffs now appeal, having lost in no fewer than four courts of competent jurisdiction, and despite having been warned in the court below that any further prosecution of this matter would be dangerously close to sanctionable conduct. We are of the opinion that plaintiffs' appeal must, again, be denied on the merits; and that, with this appeal, the conduct of plaintiffs and their attorneys has crossed the line from zealous advocacy to that which is sanctionable under 22 NYCRR 130-1.1. Concur—Saxe, J.P., Sweeny, Moskowitz, Mazanet-Daniels and Román, JJ.