■ DREW DOSCHER, Appellant, v MANNATT, PHELPS & PHILLIPS, LLP, et al., Respondents. [48 NYS3d 593]—

Order, Supreme Court, New York County (Charles E. Ramos, J.), entered November 20, 2015, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.

The doctrine of collateral estoppel precludes plaintiff from asserting his Judiciary Law § 487 claim (*see Bernard v Proskauer Rose, LLP*, 87 AD3d 412, 415 [1st Dept 2011]). The claim is premised on alleged discovery abuses during a prior arbitration between plaintiff and his employers, who were represented by defendants. Plaintiff had a full and fair op-

portunity to litigate the issues he raises in this action in two motions for sanctions before the arbitration panel, both of which were denied (*see Pentalpha Enters., Ltd. v Cooper & Dunham LLP*, 91 AD3d 451 [1st Dept 2012]; *Gillen v McCarron*, 126 AD3d 670 [2d Dept 2015]; *God's Battalion of Prayer Pentecostal Church, Inc. v Hollander*, 24 Misc 3d 1250[A], 2009 NY Slip Op 51939[U], *7-9 [Sup Ct, Nassau County 2009], *affd* 82 AD3d 1156 [2d Dept 2011], *lv denied* 17 NY3d 714 [2011]). Contrary to plaintiff's contention, the arbitration award constitutes a valid final judgment for collateral estoppel purposes, notwithstanding the pendency of plaintiff's petition to vacate (*Acevedo v Holton*, 239 AD2d 194 [1st Dept 1997]; *Franklin Dev. Co., Inc. v Atlantic Mut. Ins. Co.*, 60 AD3d 897 [2d Dept 2009]).

Plaintiff also failed to state a cause of action under Judiciary Law § 478, because the statute does not apply to attorney misconduct during an arbitral proceeding. The plain text of section 478 limits the statute's application to conduct deceiving "the *court* or any party" (emphasis added), and, because the statute has a criminal component, it must be interpreted narrowly (*see People v Thompson*, 26 NY3d 678, 687-688 [2016]; *Amalfitano v Rosenberg*, 12 NY3d 8, 14 [2009]). Moreover, courts have held that the statute does not apply to conduct outside New York's territorial borders or to administrative proceedings, observing that its purpose is to regulate the manner in which litigation is conducted before the courts of this State (*see Schertenleib v Traum*, 589 F2d 1156, 1166 [2d Cir 1978] [proceedings outside New York]; *Alliance Network, LLC v Sidley Austin LLP*, 43 Misc 3d 848, 864-865 [Sup Ct, NY County 2014] [same]; *Southern Blvd. Sound v Felix Storch, Inc.*, 165 Misc 2d 341, 344 [Civ Ct, NY County 1995], *mod on other grounds* 167 Misc 2d 731 [App Term, 1st Dept 1996] [same]; *Kallista, S.A. v White & Williams LLP*, 51 Misc 3d 401, 419 [Sup Ct, Westchester County 2016] [administrative proceedings]).

In any event, plaintiff failed to allege the elements of a cause of action under the statute, i.e., intentional deceit and damages proximately caused by the deceit (*see* Judiciary Law § 487; *Facebook, Inc. v DLA Piper LLP [US]*, 134 AD3d 610, 615 [1st Dept 2015], *lv denied* 28 NY3d 903 [2016]). The misconduct that plaintiff alleges is not "egregious" or "a chronic and extreme pattern of behavior" (*Facebook*, 134 AD3d at 615 [internal quotation marks omitted]), and the allegations regarding scienter lack the requisite particularity (*id.*; *see also* CPLR 3016 [b]). Moreover, plaintiff was given the opportunity

to subpoena a third party for documents that he was unable to obtain from defendants, but he declined it. He cannot blame defendants for his tactical decision. Concur—Tom, J.P., Acosta, Richter, Manzanet-Daniels and Kahn, JJ.