Platt v Berkowitz (2022 NY Slip Op 01405)





Platt v Berkowitz


2022 NY Slip Op 01405


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Singh, Scarpulla, Higgitt, JJ. 


Index No. 150092/21 Appeal No. 15425 Case No. 2021-02821 

[*1]Elaine Platt, Plaintiff-Appellant,
v
Morrell Berkowitz, Esq., et al., Defendant-Respondent.


Elaine Platt, New York, appellant pro se.
Gallet Dreyer & Berkey, LLP, New York (David S. Salhanick of counsel), for Morrell Berkowitz, respondent.
Anderson Kill P.C., New York (Grant E. Brown of counsel), for Deborah Koplowitz and Deborah Koplovitz, respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered July 23, 2021, which, to the extent appealed from as limited by the briefs, granted defendants' motions to dismiss the complaint and for sanctions to the extent of awarding costs and attorneys' fees, and referred the matter to a judicial hearing officer or special referee to hear and report, unanimously affirmed, with costs.
The doctrine of collateral estoppel precludes plaintiff's Judiciary Law § 487 claim against defendant Morrell Berkowitz, Esq. (see Buechel v Bain, 97 NY2d 295, 303 [2001], cert denied 535 US 1096 [2002]). Plaintiff's claim is premised on alleged misrepresentations or mischaracterizations of evidence Berkowitz made to the courts while representing the Board of Directors of Windsor Owners Corp. in an action brought against plaintiff for her conduct while she was a member of the Board. Plaintiff had a full and fair opportunity to raise her Judiciary Law § 487 claim in her motion for sanctions in that prior action, which was denied (Board of Directors of Windsor Owners Corp. v Platt, Sup Ct, NY County, March 28, 2018, Schecter, J., index No. 155985/14; see Doscher v Mannatt, Phelps & Phillips, LLP, 148 AD3d 523, 523-24 [1st Dept 2017]).
In any event, plaintiff failed to state a cause of action under Judiciary Law § 487 against Berkowitz. Specifically, she failed to allege any actual deceit, and the misconduct that she alleges is not "egregious or a chronic and extreme pattern of behavior" (Doscher, 148 AD3d at 524 [internal quotation marks omitted]).
The claim against defendant Deborah Koplovitz, Esq., for a violation of Judiciary Law § 487(1) was properly dismissed, because the complaint does not allege that Koplovitz was counsel of record in any pending proceeding to which plaintiff was a party (Mazzocchi v Gilbert, 185 AD3d 438, 438 [1st Dept 2020], lv denied 37 NY3d 908 [2021]; Sun Graphics Corp. v Levy, Davis & Maher, LLP, 94 AD3d 669 [1st Dept 2012]).
In the absence of any actionable tort, the court properly dismissed the civil conspiracy claim against both defendants (Abacus Fed. Sav. Bank v Lim, 75 AD3d 472, 474 [1st Dept 2010]).
The court's imposition of sanctions pursuant to 22 NYCRR 130-1.1 did not constitute a "clear abuse of discretion" (Pickens v Castro, 55 AD3d 443, 444 [1st Dept 2008]; Levy v Carol Mgt. Corp., 260 AD2d 27, 34 [1st Dept 1999]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022