Sciocchetti v Molinsek (2024 NY Slip Op 00116)

Sciocchetti v Molinsek

2024 NY Slip Op 00116

Decided on January 11, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 11, 2024

CV-23-0731
[*1]Andrew Sciocchetti et al., Appellants,
v
Stephen L. Molinsek, Respondent.

Calendar Date:November 20, 2023

Before:Clark, J.P., Aarons, Reynolds Fitzgerald, McShan and Mackey, JJ.

Law Office of Daniel L. Abrams, PLLC, New York City (Daniel L. Abrams of counsel), for appellants.
Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Lisa L. Shrewsberry of counsel), for respondent.

Aarons, J.
Appeal from an order of the Supreme Court (James E. Walsh, J.), entered April 11, 2023 in Saratoga County, which granted defendant's motion to dismiss the complaint.
Plaintiffs commenced this action on April 22, 2022 alleging claims under Judiciary Law § 487 related to a divorce action involving plaintiff Andrew Sciocchetti and his now-former wife (hereinafter the wife). Plaintiffs alleged in the complaint, among other things, that defendant, the wife's attorney in the divorce action, made false representations in the divorce action, that defendant failed to disclose that he and the wife were romantically involved during the divorce action and that defendant wilfully delayed the divorce action for personal gain. In a pre-answer motion, defendant moved to dismiss the complaint under CPLR 3211 (a) (7). Supreme Court granted the motion. This appeal by plaintiffs ensued.
Assuming, without deciding, that plaintiffs' claims under Judiciary Law § 487 are timely, Supreme Court correctly granted defendant's motion. When presented with a motion to dismiss under CPLR 3211 (a) (7), "the court must accept the facts as alleged in the complaint as true, accord the nonmoving party the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Brown v University of Rochester, 216 AD3d 1328, 1330 [3d Dept 2023] [internal quotations marks, brackets and citation omitted]). That said, a plaintiff may recover treble damages if the defendant "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party" (Judiciary Law § 487 [1]; see Hansen v Caffry, 280 AD2d 704, 705 [3d Dept 2001], lv denied 97 NY2d 603 [2001]). As to a claim under Judiciary Law § 487 (1), "[a]llegations regarding an act of deceit or intent to deceive must be stated with particularity" (Facebook, Inc. v DLA Piper LLP [US], 134 AD3d 610, 615 [1st Dept 2015], lv denied 28 NY3d 903 [2016]). Additionally, "to state a cause of action alleging a violation of Judiciary Law § 487, the plaintiff must plead allegations from which damages attributable to the defendant['s] conduct might be reasonably inferred" (Maroulis v Sari M. Friedman, P.C., 153 AD3d 1250, 1252 [2d Dept 2017] [internal quotation marks and citations omitted]; see Havell v Islam, 292 AD2d 210, 210 [1st Dept 2002]).
The alleged deceit by defendant centers on the undisclosed romantic relationship between defendant and the wife during the divorce action. Plaintiffs, however, failed to sufficiently plead how the concealment of this relationship caused plaintiffs any damages or led to any adverse rulings in the divorce action (see Saporito v Branda, 213 AD3d 588, 589 [1st Dept 2023]; DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 189 AD3d 774, 776 [2d Dept 2020]; Jean v Chinitz, 163 AD3d 497, 497 [1st Dept 2018]; cf. Tenore v Kantrowitz, Goldhamer & Graifman, P.C., 121 AD3d [*2]775, 776 [2d Dept 2014]). Plaintiffs maintain that Sciocchetti incurred additional legal fees in the divorce action, but failed to allege how such fees were attributable to defendant's concealment of the relationship with the wife (see Mizuno v Barak, 113 AD3d 825, 827 [2d Dept 2014]). Furthermore, although plaintiffs alleged that defendant's deceit resulted in fraudulent statements of net worth being filed, thereby forcing Sciocchetti to pay more financial support than was required, plaintiffs acknowledged that any error was corrected at the divorce trial. If anything, the allegations of a romantic relationship between defendant and the wife and the failure to disclose that relationship potentially compromised defendant's representation of the wife and would give rise to a Judiciary Law § 487 claim by the wife (see e.g. A.M.P. v Benjamin, 201 AD3d 50, 57 [3d Dept 2021]).
Plaintiffs also argue that they stated a claim under Judiciary Law § 487 (2), which provides that recovery may be had when an attorney "[w]ilfully delays [the] client's suit with a view to his [or her] own gain; or wilfully receives any money or allowance for or on account of any money which he [or she] has not laid out, or becomes answerable for." Plaintiffs, however, only alleged in a conclusory manner that defendant wilfully delayed the underlying divorce action. Moreover, even accepting as true that defendant was contentious during the divorce action, took unreasonable settlement positions or engaged in protracted postjudgment divorce litigation, such behavior did not exceed the bounds of advocacy in a divorce action so as to constitute wilful delay within the meaning of Judiciary Law § 487 (2). The allegation that defendant failed to timely file the note of issue in the divorce action likewise did not amount to wilful delay. Accordingly, dismissal of the complaint for failure to state a cause of action was correct.
Clark, J.P., Reynolds Fitzgerald, McShan and Mackey, JJ., concur.
ORDERED that the order is affirmed, with costs.