Radiation Oncology Servs. of Cent. N.Y., P.C. v Warren (2024 NY Slip Op 00484)

Radiation Oncology Servs. of Cent. N.Y., P.C. v Warren

2024 NY Slip Op 00484

Decided on February 1, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 1, 2024

CV-23-0893
[*1]Radiation Oncology Services of Central New York, P.C., et al., Respondents,
v
Jeanette N. Warren et al., Appellants.

Calendar Date:November 21, 2023

Before:Garry, P.J., Lynch, Ceresia, Fisher and Powers, JJ.

Barclay Damon LLP, Rochester (Tara J. Sciortino of counsel), for appellants.
William J. Leberman, Syracuse, for respondents.

Powers, J.
Appeal from an order of the Supreme Court (Joseph A. McBride, J.), entered April 21, 2023 in Broome County, which denied defendants' motion to dismiss the complaint.
As more fully set forth in two prior decisions of this Court (Radiation Oncology Servs. of Cent. N.Y., P.C. v Our Lady of Lourdes Mem. Hosp., Inc., 221 AD3d 1324 [3d Dept 2023]; Radiation Oncology Servs. of Cent. N.Y., P.C. v Our Lady of Lourdes Mem. Hosp., Inc., 148 AD3d 1418 [3d Dept 2017]), plaintiff Radiation Oncology Services of Central New York, P.C. (hereinafter ROSCNY) entered into a written coverage agreement with Our Lady of Lourdes Memorial Hospital, Inc. (hereinafter Lourdes) pursuant to which ROSCNY was granted the exclusive right to provide oncology services at the hospital, with plaintiff Michael J. Fallon serving as medical director. After plaintiffs' services were terminated, they commenced an action against Lourdes and certain other affiliated individuals for, among other things, breach of contract, libel and slander (hereinafter the Cortland County action). Following a lengthy period of discovery, plaintiffs moved for spoliation sanctions against Lourdes due to its failure to preserve and produce several documents during the discovery process. Plaintiffs also sought monetary sanctions against the attorneys of record for Lourdes based upon allegations that one of its attorneys, defendant Jeanette N. Warren, made intentionally false and misleading statements to Supreme Court and plaintiffs during the course of the years-long discovery litigation. Amongst the various falsehoods allegedly uttered, plaintiffs asserted that Warren repeatedly assured the court that a litigation hold had been implemented for the Cortland County action when, in fact, one had not been in place. In a series of orders, Supreme Court (Masler, J.) granted plaintiffs $10,000 in spoliation sanctions upon a finding that Lourdes failed to preserve certain documents, but declined to impose sanctions upon Lourdes' attorneys.
Undeterred, plaintiffs commenced this action against Warren, defendant James Gleason and the law firm for whom they worked alleging causes of action pursuant to Judiciary Law § 487 related to the allegedly false and deceitful statements proffered by Warren, and purportedly consented to by Gleason, in the context of the Cortland County action. Defendants thereafter moved to dismiss the complaint for failure to state a cause of action and as barred by the doctrine of collateral estoppel. On the latter point, defendants argued that plaintiffs were collaterally estopped from relitigating the alleged Judiciary Law § 487 violations because they were all addressed and resolved in the context of plaintiffs' motion for sanctions in the Cortland County action. Supreme Court (McBride, J.) denied the motion, and this appeal ensued.
We agree with defendants that, to the extent plaintiffs' Judiciary Law § 487 claims are premised upon the statements made by Warren concerning the existence of a [*2]litigation hold in the Cortland County action, they are barred by principles of collateral estoppel. Collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party. . . , whether or not the tribunals or causes of action are the same" (Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]; see Matter of Dunn, 24 NY3d 699, 704 [2015]). The doctrine applies "where the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the party who is being estopped had a full and fair opportunity to litigate the issue in the earlier action" (Simmons v Trans Express Inc., 37 NY3d 107, 112 [2021] [internal quotation marks and citation omitted]; see Matter of Molnar v JRL S. Hampton, LLC, 212 AD3d 974, 975 [3d Dept 2023], lv denied 39 NY3d 911 [2023]). To establish a claim under Judiciary Law § 487 (1), it must be shown that the defendant attorney engaged in "deceit or collusion, or consent[ed] to any deceit or collusion, with intent to deceive the court or any party."
The record reflects that the issue of whether Warren attempted to intentionally deceive plaintiffs or the court in the Cortland County action by falsely representing that Lourdes had implemented a litigation hold was fully litigated in the Cortland County action and resolved by Supreme Court (Masler, J.) in its order declining to impose sanctions upon defendants. In that order, the court expressly rejected plaintiffs' claims that defendants had "intentionally deceived and misled" the court and plaintiffs by inaccurately stating that a litigation hold was in place. In so concluding, Supreme Court specifically found that defendants did not engage in a "deliberate pattern of obstructing disclosure" and that their representations with regard to the litigation hold "[were] not without [a] factual basis" and did not "affirmatively mislead" the court or any party. Plaintiffs plainly had a full and fair opportunity to litigate this issue in the Cortland County action, a point underscored by the fact that they moved to renew their request for sanctions against defendants after they failed to succeed in obtaining such relief in the first instance. Because the issue of whether defendants engaged in intentional deceit in connection with the representations made concerning the existence of a litigation hold was already raised and decided in the Cortland County action, plaintiffs are precluded from relitigating that same issue in this matter (see Mortgage Elec. Registration Sys., Inc. v McVicar, 203 AD3d 919, 920 [2d Dept 2022]; Platt v Berkowitz, 203 AD3d 447, 448 [1st Dept 2022]; Doscher v Mannatt, Phelps & Phillips, LLP, 148 AD3d 523, 523-524 [1st Dept 2017]; Neroni v Follender, 137 AD3d 1336, 1337 [3d Dept 2016]).
As to the balance of the alleged Judiciary Law § 487 violations, even assuming, without deciding, that such claims [*3]are not similarly precluded on collateral estoppel grounds, they nonetheless should have been dismissed for failure to state a cause of action. When assessing a motion to dismiss on this ground, we "accept the facts as alleged in the complaint as true, accord the nonmoving party the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Brown v University of Rochester, 216 AD3d 1328, 1330 [3d Dept 2023] [internal quotation marks, brackets and citation omitted]; see Cincinnati Ins. Co. v Emerson Climate Tech., Inc., 215 AD3d 1098, 1100 [3d Dept 2023]). That said, "the favorable treatment accorded to a plaintiff's complaint is not limitless and, as such, conclusory allegations — claims consisting of bare legal conclusions with no factual specificity — are insufficient to survive a motion to dismiss" (F.F. v State of New York, 194 AD3d 80, 83-84 [3d Dept 2021] [internal quotation marks and citations omitted], appeal dismissed & lv denied 37 NY3d 1040 [2021], cert denied ___ US ___, 142 S Ct 2738 [2022]; see Godfrey v Spano, 13 NY3d 358, 373 [2009]). This is especially true with regard to a cause of action under Judiciary Law § 487 (1), which encompasses only deceit or collusion that is intentional in nature and "must be pleaded with particularity" (Lavelle-Tomko v Aswad & Ingraham, 191 AD3d 1142, 1147 [3d Dept 2021]; see CPLR 3016 [b]; Sciocchetti v Molinsek, ___ AD3d ___, ___, 2024 NY Slip Op 00116, *2 [3d Dept 2024]). Given this heightened pleading requirement, a Judiciary Law § 487 (1) claim will be dismissed "if the allegations as to scienter are conclusory and factually insufficient" (Facebook, Inc. v DLA Piper LLP [US], 134 AD3d 610, 615 [1st Dept 2015], lv denied 28 NY3d 903 [2016]; see Sciocchetti v Molinsek, 2024 NY Slip Op 00116 at *2; Lavelle-Tomko v Aswad & Ingraham, 191 AD3d at 1147).
In addition to the statements concerning Lourdes' implementation of a litigation hold, the complaint herein alleges various other false representations made by Warren, and purportedly consented to by Gleason, during the course of the prolonged, highly adversarial period of discovery litigation in the Cortland County action. Among other things, plaintiffs allege that Warren made inaccurate statements concerning the timing of Lourdes' hiring of locum tenes radiation oncology physicians and the existence of communications pertaining to such hiring, the ability to perform an automated search of Lourdes' information technology system for email communications, whether ROSCNY and Lourdes were "direct competitors," the precise timing of Fallon's departure from the hospital on the day his contract was terminated and whether Fallon was afforded a hearing relative to a temporary suspension of his hospital privileges. The complaint further alleges that Gleason, by virtue of his status as cocounsel and having been copied on Warren's false statements, consented to and/or colluded with Warren [*4]in making such statements. While several of the statements uttered by Warren ultimately proved to be incorrect, most of them consist of simple advocacy on behalf of Lourdes and "plaintiff[s] pleaded no facts tending to prove that [Warren or Gleason] intended to deceive [them]" or the court (Lavelle-Tomko v Aswad & Ingraham, 191 AD3d at 1148; see Credit Alliance Corp. v Arthur Andersen & Co., 65 NY2d 536, 554 [1985]; Kaufman v Moritt Hock & Hamroff, LLP, 192 AD3d 1092, 1093 [2d Dept 2021]; Sammy v Haupel, 170 AD3d 1224, 1226 [2d Dept 2019]; Klein v Rieff, 135 AD3d 910, 912 [2d Dept 2016]; Seldon v Lewis Brisbois Bisgaard & Smith LLP, 116 AD3d 490, 491 [1st Dept 2014]). Instead, the complaint alleges "only bare legal conclusions that [Warren and Gleason] . . . acted with the requisite intent to deceive," which is insufficient to satisfy the special pleading requirements necessary to state a cause of action under Judiciary Law § 487 (Savitt v Greenberg Traurig, LLP, 126 AD3d 506, 507 [1st Dept 2015]; see Palmieri v Perry, Van Etten, Rozanski & Primavera, LLP, 200 AD3d 785, 787 [2d Dept 2021]; DeMartino v Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Wolf, LLP, 189 AD3d 774, 776 [2d Dept 2020]; Sammy v Haupel, 170 AD3d at 1226; Facebook, Inc. v DLA Piper LLP [US], 134 AD3d at 615; cf. Credit Alliance Corp. v Arthur Andersen & Co., 65 NY2d at 554).
For these reasons, defendants were entitled to dismissal of the complaint in its entirety. In light of our determination, defendants' remaining contentions have been rendered academic.
Garry, P.J., Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, motion granted and complaint dismissed.