IGS Realty Co. L.P. v Brady

2026 NY Slip Op 02200

April 14, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

IGS Realty Co. L.P., Doing Business as IGS Realty Co., Plaintiff-Respondent,

v

James H. Brady, Defendant-Appellant.

Decided and Entered: April 14, 2026

Index No. 603561/09|Appeal No. 6349|Case No. 2025-02275|

Before: Moulton, J.P., Friedman, González, Shulman, Rosado, JJ.

James H. Brady, appellant pro se.

Sheindlin Law Firm, New York (Gregory Sheindlin of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered April 1, 2025, which, to the extent appealed from as limited by the briefs, denied defendant's motion for a declaratory judgment, unanimously affirmed, with costs. Pursuant to 22 NYCRR 130-1.1, sanctions in the amount of $7,500 are imposed sua sponte against defendant payable to the clerk of the court for transmittal to the State Commissioner of Taxation and Finance.

The parties have been engaged in litigation since 2009. On June 26, 2015, a jury rendered a verdict in favor of plaintiff on its breach of contract claim against defendant, who had leased commercial properties from plaintiff, and awarded plaintiff $541,758.62 in damages.

On August 25, 2015, Supreme Court (Barry R. Ostrager, J.), denied defendant's motion to set aside the jury verdict and award a new trial, and on April 13, 2017, this Court affirmed (see IGS Realty Co., L.P. v Brady, 149 AD3d 524 [1st Dept 2017], lv dismissed 31 NY3d 1036 [2018]). Specifically, this Court concluded that defendant failed to preserve "his challenges regarding the jury charges and the verdict sheet interrogatories," and held that the jury's verdict was neither against the weight of the evidence nor against public policy (id. at 524).

On May 31, 2017, Supreme Court entered a judgment for $1,458,002.33 in plaintiff's favor against defendant, representing damages, attorneys' fees, and accrued interest. Defendant appealed the judgment, and this Court affirmed, finding "defendant's arguments on [the] appeal, previously raised and rejected by this Court and supported by no new evidence or change of law, are barred by law of the case" (IGS Realty Co., L.P. v Brady, 162 AD3d 444, 445 [1st Dept 2018], lv denied 32 NY3d 901 [2018]).

In the motion at issue here, defendant asked the court to issue a judgment declaring that his personal guarantees of the leases underlying plaintiff's breach of contract claim were voided as a matter of law and public policy, and granting defendant's counterclaim for constructive eviction, arguing that neither issue was explicitly decided by the jury in its verdict. Defendant cites deposition testimony of plaintiff's attorney in a separate 2021 action, which defendant contends supports his position.

The court correctly denied defendant's motion for a declaratory judgment (see CPLR 3001). Defendant does not seek a declaratory judgment on a justiciable controversy, but rather, in sum and substance, seeks to vacate the jury verdict and resulting judgment, which this Court has already rejected.

[*2]

Moreover, in May 2018, plaintiff obtained a judgment to enforce the May 31, 2017 judgment in a separate CPLR article 52 proceeding. Supreme Court denied defendant's motion to vacate that judgment, and this Court affirmed that decision (see Matter of IGS Realty Co. L.P. v Brady, 244 AD3d 452, 453 [1st Dept 2025]). We also note that a federal court has effectively rejected the same arguments that defendant raised in his motion (see Brady v Sheindlin, 2021 WL 5312995, *2, 2021 US App LEXIS 33908, *3-4 [2d Cir, Nov. 16, 2021, No. 21-669-cv] [rejecting the defendant's contentions that "because the interrogatories the state court gave the jury did not specifically mention his personal guarantees or his affirmative defenses, the state court therefore never determined the enforceability of those guarantees or ruled on those affirmative defenses"]).

We have considered defendant's remaining arguments and find them unavailing.

A court may on its own initiative impose monetary sanctions on a party that has engaged in an intentional pattern of frivolous conduct to actively delay court proceedings and harass the opposing party (see 22 NYCRR 130-1.1, 130-1.2; Levy v Carol Mgt. Corp., 260 AD2d 27, 34-35 [1st Dept 1999]). Defendant's behavior, including his repeated advancement of meritless arguments, amply justifies sanctions. By way of defendant's unrelenting series of motions, despite prior sanctions and injunctions issued by federal and state courts, he has "crossed the line from zealous advocacy to that which is sanctionable" (Pentalpha Enters., Ltd. v Cooper & Dunham LLP, 91 AD3d 451, 452 [1st Dept 2012]). Accordingly, we sua sponte impose sanctions on defendant in the amount of $7,500 for his repeated pattern of frivolous conduct within the meaning of 22 NYCRR 130-1.1 (see id.; Leventritt v Eckstein, 206 AD2d 313, 314 [1st Dept 1994], lv dismissed in part, denied in part 84 NY2d 987 [1994]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: April 14, 2026