Yu Hin Chan v DiMaggio
2026 NY Slip Op 50800(U)
May 15, 2026
Appellate Term, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This opinion is uncorrected and will not be published in the printed Official Reports.

Digest-Index Classification: Judgments—Default Judgment--Proof Constituting Claim

Yu Hin Chan, Appellant,
v
Athanasia DiMaggio, Respondent.

Supreme Court, Appellate Term, Second Department, 2d, 11th And 13th Judicial Districts
Decided on May 15, 2026
2025-1471 K C
Present: : Wavny Toussaint, P.J., Chereé A. Buggs, Joanne D. Quiñones, JJ

Yu Hin Chan, appellant pro se.
Mark Salem Law, P.C., for respondent (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Lauren L. Esposito, J.), dated August 11, 2025. The order, insofar as appealed from as limited by the brief, denied plaintiff's cross-motion for leave to enter a default judgment and granted the branch of defendant's motion seeking an extension of time to serve and file an answer.
[*1]
ORDERED that the order, insofar as appealed from, is affirmed, without costs.
The summons and endorsed complaint were personally served on defendant on December 17, 2024, as set forth in the affidavit of service filed on January 9, 2025. The summons and endorsed complaint indicated that the cause of action is for "Other for $50,000." Approximately six weeks after January 6, 2025, the date defendant's answer was due (see CCA 402 [a]), defense counsel filed a notice of appearance. In March of 2025, defendant moved to dismiss the complaint for failure to state a cause of action or, in the alternative, for an extension of her time to serve and file an answer. In her supporting affidavit, defendant averred, among other things, that she was never served with anything that apprised her of the nature of the claim against her. She stated that her attorney discovered a complaint in the court file which pre-dated the summons and endorsed complaint, but had never been served and had no index number or court stamp on it. She further stated that the complaint alleged that defendant owned a building wherein defendant's employee, Susana Chen-Chong, harassed plaintiff. Defendant averred that she never had any interaction with plaintiff and does not own or have any connection to the building.
Plaintiff cross-moved for leave to enter a default judgment. He submitted the affidavit of service of the summons and endorsed complaint, and argued that defendant failed to timely appear or answer. In his affidavit, plaintiff admitted that the complaint defendant refers to, which he did not attach to his cross-motion papers, was never served upon defendant. Plaintiff further asserted that the validity of his cause of action here was demonstrated in a summons and complaint in an unrelated Supreme Court, Kings County, action brought by plaintiff therein, [*2]Susana Chen-Chong, against defendant herein for unpaid commissions. Plaintiff further argued, insofar as is relevant to this appeal, that defendant failed to show good cause for her failure to answer and, therefore, the branch of her motion seeking leave to serve and file a late answer should have been denied.
In an affirmation in opposition to the cross-motion and in further support of the branch of defendant's motion seeking an extension of time to serve and file an answer, defense counsel reiterated that defendant was never served with a complaint apprising her of the allegations against her and that she is not the owner of, and has no affiliation with, the building at issue.
In an order dated August 11, 2025, the Civil Court (Lauren L. Esposito, J.), insofar as is relevant to this appeal, denied plaintiff's cross-motion for leave to enter a default judgment and granted the branch of defendant's motion seeking an extension of time to serve and file an answer. The court ordered plaintiff to serve a more formal complaint asserting the facts upon which he based his claims and ordered defendant to serve and file an answer.
"On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting its claim, and proof of the defaulting party's default in answering or appearing" (Atlantic Cas. Ins. Co. v RJNJ Servs., Inc., 89 AD3d 649, 651 [2011], citing CPLR 3215 [f]; see Mountain Val. Indem. Co. v Cabrera, 241 AD3d 541 [2025]; Glenwood Mason Supply Co., Inc. v Frantellizzi, 138 AD3d 925 [2016]; Allstate Ins. Co. v Austin, 48 AD3d 720 [2008]). "CPLR 3215 does not contemplate that default judgments are to be rubber-stamped once jurisdiction and a failure to appear have been shown. Some proof of liability is also required to satisfy the court as to the prima facie validity of the uncontested cause of action" (Joosten v Gale, 129 AD2d 531, 535 [1987]; see Martinez v Reiner, 104 AD3d 477 [2013]).
Here, there is no dispute that plaintiff established defendant's default in answering or appearing. Nevertheless, the court properly denied plaintiff's cross-motion for leave to enter a default judgment because plaintiff's endorsed complaint stated only "Other for $50,000," and plaintiff has otherwise failed to submit proof of the facts constituting the claim (see Mountain Val. Indem. Co. v Cabrera, 241 AD3d 541). We note that the allegations in the complaint in the unrelated Supreme Court action were insufficient to support plaintiff's application herein for leave to enter a default judgment (see CPLR 3215 [f]; Yan Ping Xu v Van Zwienen, 212 AD3d 872 [2023]; State of New York v Williams, 44 AD3d 1149 [2007]).
Under the particular circumstances presented, we find that the court did not improperly exercise its discretion in directing plaintiff to serve and file a more formal pleading and extending defendant's time to serve and file an answer (see CCA 902 [e]; Gounder v Upton Cohen & Slamowitz, 20 Misc 3d 141[A], 2008 NY Slip Op 51677[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; Holloway v New York City Tr. Auth., 182 Misc 2d 749 [Civ Ct, NY County 1999]).
Accordingly, the order, insofar as appealed from, is affirmed.
TOUSSAINT, P.J., BUGGS and QUIÑONES, JJ., concur.
ENTER:
Jennifer Chan
Chief Clerk
Decision Date: May 15, 2026