■ MICHAEL FLOMENHAFT, Appellant, v JACOBY & MEYERS, LLP, et al., Respondents. [996 NYS2d 27]—Order, Supreme Court, New York County (Barbara Jaffe, J.), entered January 7, 2014, which granted plaintiff's motion for leave to reargue defendants' motion to dismiss the second cause of action for slander per se, and upon reargument, modified the prior order, same court and Justice, entered June 24, 2013, to reinstate the second cause of action as against defendant Sharon A. Scanlan, unanimously modified, on the law, to reinstate the second cause of action as against all defendants, and otherwise affirmed, without costs. Appeal from the June 24, 2013 order, unanimously dismissed, without costs, as academic.

The court properly reinstated the slander per se claim against defendant Scanlan. However the claim should have been

reinstated as against all defendants, since plaintiff's allegations that some of the slanderous statements were made "[b]etween December 28, 2009 and January 31, 2010" was sufficient to satisfy the specificity required for a claim alleging defamation (*see Herlihy v Metropolitan Museum of Art*, 214 AD2d 250, 261 [1st Dept 1995]).

Plaintiff's demand for punitive damages cannot be sustained, since the allegations do not rise to a level "of such wanton dishonesty as to imply a criminal indifference to civil obligations" (*Weiss v Lowenberg*, 95 AD3d 405, 407 [1st Dept 2012]; *Morsette v "The Final Call"*, 309 AD2d 249, 253-255 [1st Dept 2003], *appeal dismissed* 5 NY3d 756 [2005]).

We have considered the parties' remaining arguments and find them unavailing. Concur—Andrias, J.P., Saxe, Richter and Gische, JJ.