■ MICHAEL FLOMENHAFT, Appellant, v ANDREW G. FINKELSTEIN et al., Respondents. [8 NYS3d 161]—

Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about July 23, 2014, which granted defendants' motion to dismiss the complaint and to impose sanctions on plaintiff, and denied plaintiff's cross motion for leave to amend his summons with notice and/or the complaint, unanimously modified, on the law and the facts, to deny the motion insofar as it sought dismissal of plaintiff's slander per se cause of action and the imposition of sanctions, the slander per se cause of action reinstated, and otherwise affirmed, without costs.

Plaintiff is an attorney who, after dissolving his own practice, became associated with nonparty Jacoby & Meyers, LLP (Jacoby). Defendant Andrew Finkelstein (Finkelstein) is an attorney and is the managing partner of defendant law firm Finkelstein & Partners, LLP (FLLP), and the sole shareholder of defendant Finkelstein, PC (FPC). FPC is a partner of both Jacoby and of FLLP. In April 2009, Jacoby assigned plaintiff to work on a personal injury action that had been commenced on behalf of nonparty Joel Harrison (Harrison) in Supreme Court,

Broome County.[1] In December 2009, plaintiff resigned from Jacoby and re-formed his old practice. Harrison decided to have plaintiff continue his representation in the personal injury action and Jacoby caused the necessary consent to be executed and transferred the file. The retainer agreement between plaintiff and Harrison provided that plaintiff would advance all litigation expenses and would be reimbursed out of Harrison's recovery, if any. After the passage of only a few months, Harrison terminated plaintiff and re-retained Jacoby.

In August 2010, Harrison, represented by FLLP, commenced an action against plaintiff in Supreme Court, Broome County. The allegations in the complaint, most of which were made upon information and belief, revolved around the litigation expenses that had been discussed in the retainer agreement between the two parties. Harrison asserted that, notwithstanding plaintiff's promise that he would advance litigation expenses, plaintiff told him that he would not do so and urged Harrison to borrow $40,000 for the expenses from a litigation funding company. The complaint alleged, inter alia, that plaintiff directed the loan company to pay the proceeds to his law firm and that he failed to place them in an attorney escrow account. Harrison asserted causes of action for conversion, breach of fiduciary duty, legal malpractice, and fraud, and sought an accounting from plaintiff.

This action is based on a statement allegedly made by Finkelstein to Harrison concerning the loan. According to the complaint, Finkelstein told Harrison that plaintiff "took your money and used it for his personal use." Plaintiff claims that this statement constituted slander per se. He further asserts that Finkelstein was the source of the information that Harrison alleged in his complaint against plaintiff, that the information was patently false, and that as a result Finkelstein, FLLP and FPC are liable to him in fraud. Plaintiff also seeks punitive damages from defendants, based on the two causes of action asserted in the complaint, as well as defendants' conduct against him that was the subject of a separate litigation between him and defendants (see *Flomenhaft v Jacoby & Meyers, LLP*, 122 AD3d 422 [1st Dept 2014]). In that action, which was commenced in 2010, plaintiff claimed that defendants here, as well as others, defamed him when, after he left Jacoby, they informed clients on whose matters he had worked that he had declared personal bankruptcy.

---

**1.** In the absence of clarity in the record as to whether the attorney of record in Harrison's matter was Jacoby, FLLP or FP, we use Jacoby to refer to all three.

This action was commenced by summons with notice and the complaint was served upon defendants' demand for it. The summons with notice stated that the action sounded in slander, and did not mention the fraud claim. Defendants moved to dismiss the complaint. They argued that plaintiff failed to state a cause of action for slander per se, because Finkelstein's statement did not constitute "publication" and because, even if it did, the statement was privileged as being pertinent to Harrison's action against plaintiff. The statement was pertinent to that litigation, defendants argued, since, according to them, it was made the day before Harrison's deposition in that case. Defendants further argued that the fraud claim should be dismissed for lack of jurisdiction, since it had not been mentioned in the summons with notice as required by CPLR 305 (b). Alternatively, they sought dismissal of that claim for failure to state a cause of action, asserting that plaintiff was not entitled to rely on any misrepresentations made by defendants to Harrison. They also claimed that the fraud claim was time-barred, since it was no more than a trumped-up defamation claim. Defendants also sought an order striking the claim for punitive damages, and an order awarding them costs and attorneys' fees based on their belief that the complaint was frivolous.

In opposition, plaintiff argued that Finkelstein's statement to Harrison was not privileged because the action brought against him by Harrison was a sham, contrived by defendants as a vehicle for defaming him. Indeed, plaintiff stated, Harrison, upon realizing that he had been used as a pawn by Finkelstein in an escalating war with plaintiff, discontinued the action against plaintiff, and commenced his own action against defendants and others, asserting a host of alleged wrongs against himself, including tortious interference with his relationship with plaintiff. Plaintiff further argued that, since defendants had agreed in a stipulation not to raise any jurisdictional defenses, they should be estopped from seeking dismissal of the fraud claim based on his failure to mention it in the summons with notice. Plaintiff did, however, cross-move to amend the summons to incorporate the fraud claim, arguing that such an amendment could not possibly prejudice defendants. As for the merits of the fraud claim, plaintiff contended that a third party can rely on one person's misrepresentation to another. He also stated that the fraud claim departed significantly from the defamation claim, and that sanctions should not be imposed because the complaint was not frivolous.

The court granted defendants' motion in its entirety and

denied the cross motion. It found that the complaint was facially deficient since it failed to establish both that the statement allegedly made by Finkelstein was not privileged, and that the Broome County action was commenced solely to defame plaintiff. The court rejected plaintiff's reliance on this Court's decision in *Halperin v Salvan* (117 AD2d 544 [1st Dept 1986]), which plaintiff argued stood for the "sham lawsuit" exception to the pertinency rule, finding that the case "appears to have waned in precedential value, and when it is cited, it is distinguished" (44 Misc 3d 1215[A], 2014 NY Slip Op 51121[U], *4 [Sup Ct, NY County 2014]).

The court dismissed the cause of action for fraud, finding that plaintiff's omission of any notice of fraud in his summons with notice constituted a jurisdictional defect that could neither be corrected nor amended. The court further found that the stipulation by defendants not to raise jurisdictional defenses in their answer was inapplicable, since they did not file an answer but rather moved to dismiss.

The court found that sanctions were appropriate against plaintiff (personally, not against his counsel) because it "reasonably inferred" that plaintiff's opposition to the motion to dismiss was "undertaken primarily to delay or prolong the instant litigation" and that the action was undertaken to harass or maliciously injure defendants (2014 NY Slip Op 51121[U], *6). By a subsequent order, the court directed plaintiff to pay defendants' costs and expenses in the amount of $500.

Plaintiff does not, and cannot, contest that a statement that is pertinent to litigation is absolutely privileged and cannot form the basis of a defamation action. That principle of law was first stated by the Court of Appeals in *Youmans v Smith* (153 NY 214, 219 [1897]), and was recently reaffirmed by the Court in *Front, Inc. v Khalil* (24 NY3d 713 [2015]).[2] This Court has held that, where the privilege is invoked, "any doubts are to be resolved in favor of pertinence" (*Sexter & Warmflash, P.C. v Margrabe*, 38 AD3d 163, 173 [1st Dept 2007], *abrogated on other grounds by Front, Inc. v Khalil*, 24 NY3d 713 [2015], *supra*). Further, the test to determine whether a statement is pertinent to litigation is " 'extremely liberal' " (*id.*, quoting *Black v Green Harbour Homeowners' Assn., Inc.*, 19 AD3d 962, 963 [3d Dept 2005]), such that the offending statement, to be actionable, must have been "outrageously out of context" (*id.*, quoting *Martirano v Frost*, 25 NY2d 505, 508 [1969]).

2. Although not relevant here, the Court in *Front, Inc.* narrowed the applicability of the absolute privilege to actual litigation or prelitigation matters where there was a good faith basis to anticipate litigation.

This Court has recognized, however, that the privilege is capable of abuse and will not be conferred where the underlying lawsuit was a sham action brought solely to defame the defendant (*see Lacher v Engel*, 33 AD3d 10, 13-14 [1st Dept 2006]). *Lacher* derived this principle from *Halperin v Salvan* (117 AD2d at 544), in which this Court declined to dismiss a defamation claim based on the pertinency privilege where the context in which the allegedly offending statement was made was a litigation that the plaintiffs filed but never prosecuted. The existence of this "sham litigation" exception has been confirmed (but not applied) in other cases in this Department, including *Casa de Meadows Inc. (Cayman Is.) v Zaman* (76 AD3d 917, 920 [1st Dept 2010]) and *Sexter & Warmflash, P.C.* (38 AD3d at 172 and n 5). Accordingly, we disagree with Supreme Court's statement that *Halperin* has "waned in precedential value."

In *Halperin*, this Court noted that, on a motion to dismiss a defamation action because of the privilege, the complaint must be construed in a light most favorable to the plaintiff and that where there is a question as to the applicability of the privilege, the issue should be decided at trial (117 AD2d at 548). Here, the complaint clearly alleges that Finkelstein made false representations to Harrison about plaintiff and that the statements were made specifically to induce Harrison to start an action against plaintiff. Defendants seek to distinguish *Halperin* by arguing that Harrison prosecuted his case against plaintiff. However, there is little in the record before us by which we can gauge to what extent the lawsuit was litigated. The only reference to any activity in that case is defendants' claim that the statement at issue was made before Harrison's deposition. Still, we have no way of knowing whether the deposition ever took place, or whether there was other discovery in the case, or even court conferences. Further, Harrison's complaint in the action he commenced against defendants after he discontinued the action against plaintiff supports plaintiff's claim that the lawsuit by Harrison against plaintiff was a sham. Harrison alleges therein that his belief that plaintiff converted the proceeds of the loan he procured was entirely based on false statements by Finkelstein. It can reasonably be inferred from that complaint that those false statements were, in turn, the basis for Harrison's allegations against plaintiff, most of which were made upon information and belief. Furthermore, we fail to see why, as defendants argue, we must disregard that complaint, for purposes of considering this motion, because it is unverified. Accordingly, under the circumstances, the allegations in the complaint state a cause of action for slander per se.

Plaintiff further argues that, pursuant to CPLR 305 (c), the court should have permitted amendment of his summons nunc pro tunc to give notice of his intention to plead a fraud claim against defendants. Defendants do not argue, as the court held, that amendment is unavailable as a matter of jurisdiction. Rather, they essentially claim that amendment would be futile because plaintiff cannot state a claim for fraud. Defendants focus on the justifiable reliance element necessary to the establishment of any fraud claim, and assert that plaintiff could not have relied on statements made not to him but to a third party, namely Harrison. Plaintiff claims this is not so, relying on *Buxton Mfg. Co. v Valiant Moving & Stor.* (239 AD2d 452, 454 [2d Dept 1997] ["(f)raud, however, may also exist where a false representation is made to a third party, resulting in injury to the plaintiff"]). Defendants, on the other hand, cite much more recent cases, from this Court, which hold that a party may not rely on a misrepresentation to a third party (*Wildenstein v 5H&Co, Inc.*, 97 AD3d 488, 490 [1st Dept 2012]; *Briarpatch Ltd., L.P. v Frankfurt Garbus Klein & Selz, P.C.*, 13 AD3d 296, 297 [1st Dept 2004], *lv denied* 4 NY3d 707 [2005]).

Even assuming that plaintiff's fraud claim is not barred solely because he was not the direct recipient of the alleged misrepresentations, we find that he was not entitled to rely on them. That is because, according to the complaint, the misrepresentations were made sometime after June 16, 2010, which was when Harrison re-retained Jacoby to handle his personal injury action. As admitted in the complaint herein, plaintiff learned on December 29, 2009, that he had already been the subject of separate statements by defendants which he alleged were defamatory (*see Flomenhaft v Jacoby & Meyers, LLP*, 122 AD3d at 423). Accordingly, knowing defendants were, according to him, bent on destroying his reputation, it was not justifiable for plaintiff to view the statements to Harrison as anything other than a further salvo in that campaign.

Finally, we decline to reinstate the punitive damages claim for the same reasons we stated in plaintiff's earlier defamation action (122 AD3d at 423 ["Plaintiff's demand for punitive damages cannot be sustained, since the allegations do not rise to a level of such wanton dishonesty as to imply a criminal indifference to civil obligations" (internal quotation marks omitted)]). However, we find that sanctions were not appropriately leveled because, as found herein, plaintiff stated a valid cause of action for slander per se. Concur—Mazzarelli, J.P., Sweeny, Renwick and Kapnick, JJ.