■ MANHATTAN SPORTS RESTAURANTS OF AMERICA, LLC, Respondent-Appellant, v SUSANNE LIEU, Appellant-Respondent. [27 NYS3d 125]—

Order, Supreme Court, New York County (Peter H. Moulton, J.), entered September 11, 2014, which, to the extent appealed from as limited by the briefs, denied defendant's motion to dismiss the causes of action for tortious interference with business relations, trespass to land, trespass to chattels, violation of the New York City Human Rights Law, and fraud, and granted the motion as to the causes of action for conversion and violation of Judiciary Law § 487, unanimously affirmed, without costs.

The complaint states a cause of action for tortious interference with economic relations by alleging a course of conduct on defendant's part that seemed designed to sabotage plaintiff's restaurant business, which had come about through a sublease with nonparty RCSH, LLC, and that defendant's alleged conduct was a significant factor in plaintiff's decision to terminate the sublease (*see e.g. Amaranth LLC v J.P. Morgan Chase & Co.*, 71 AD3d 40, 47 [1st Dept 2009], *lv dismissed in part, denied in part* 14 NY3d 736 [2010]).

The complaint states causes of action for trespass to land and trespass to chattels, arising, in part, from defendant's conduct in preventing plaintiff from moving out of the premises, since that led to the spoiling of certain perishable items (*see "J. Doe No. 1" v CBS Broadcasting Inc.*, 24 AD3d 215 [1st Dept 2005]). However, these allegations do not state a conversion claim since it is not alleged that defendant exercised dominion and control over the perishables (*see Colavito v New York Organ Donor Network, Inc.*, 8 NY3d 43, 49-50 [2006]).

The fraud claim was pleaded with sufficient particularity, alleging, in part, that defendant created fraudulent water invoices, which plaintiff paid, at least in part (*see IDT Corp. v*

*Morgan Stanley Dean Witter & Co.*, 63 AD3d 583, 586 [1st Dept 2009]; CPLR 3016 [b]).

Defendant's alleged statement that she did not want "ghetto people from the Bronx" congregating in a sports bar in the building is sufficient to support a claim for violation of New York City Human Rights Law, as is her alleged prohibition against black employees taking breaks outside the premises (*see* Administrative Code of City of NY § 8-107 [5] [b] [2]).

The Judiciary Law § 487 claim was correctly dismissed since, although defendant is an attorney, her affidavits were those of a fact witness, not counsel (*see e.g. Oakes v Muka*, 56 AD3d 1057, 1058 [3d Dept 2008]).

We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.