■ MANHATTAN SPORTS RESTAURANTS OF AMERICA, LLC, Appellant, v SUSANNE LIEU, Respondent/Third-Party Plaintiff-Respondent. KEITH KANTROWITZ, Third-Party Defendant-Appellant. [45 NYS3d 468]—

Orders, Supreme Court, New York County (Jennifer G. Schecter, J.), entered November 19, 2015, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion to dismiss the defamation counterclaim and denied third-party defendant's motion to dismiss the third-party defamation claim, unanimously reversed, on the law, without costs, and the motions granted. The Clerk is directed to enter judgment dismissing the third-party complaint.

The alleged defamatory statements made in the complaint by plaintiff at the direction of third-party defendant (its managing member) are absolutely privileged, because they were made in the course of a judicial proceeding (*see Park Knoll Assoc. v Schmidt*, 59 NY2d 205, 209 [1983]).

There are no facts alleged supporting a conclusion that the instant litigation is "a sham action brought solely to defame" (*see Flomenhaft v Finkelstein*, 127 AD3d 634, 638 [1st Dept 2015]). Plaintiff has diligently prosecuted its claims, inter alia, filing an amended complaint and vigorously opposing defendant's prior motion to dismiss, both at the motion court and on appeal (*see id.* at 638; *Casa de Meadows Inc. [Cayman Is.] v Zaman*, 76 AD3d 917 [1st Dept 2010]; *Lacher v Engel*, 33 AD3d 10, 13-14 [1st Dept 2006]). The fact that several of plaintiff's claims were sustained on the prior motion to dismiss further undercuts defendant's contention that this litigation is a sham (*see Manhattan Sports Rests. of Am., LLC v Lieu*, 137 AD3d 504 [1st Dept 2016]; *but see Lacher*, 33 AD3d at 14 ["If the privilege existed only in cases that were ultimately sustained, none of the persons whose candor is protected by the rule . . . would feel free to express themselves"]).

Nor are any of the alleged defamatory statements not "pertinent" to the litigation (*see Rosenberg v MetLife, Inc.*, 8 NY3d 359, 365 [2007] [internal quotation marks omitted]; *Park Knoll Assoc.*, 59 NY2d at 209). The allegations in the complaint that defendant contends are not pertinent are not "so outrageously out of context" as to permit the conclusion that they were intended solely to defame and are thus not actionable (*see*

*Sexter & Warmflash, P.C. v Margrabe*, 38 AD3d 163, 173 [1st Dept 2007] [internal quotation marks omitted]). Concur—Friedman, J.P., Renwick, Saxe and Gische, JJ.