Pezhman v Chanel (2018 NY Slip Op 00015)





Pezhman v Chanel


2018 NY Slip Op 00015


Decided on January 2, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 2, 2018

Manzanet-Daniels, J.P., Mazzarelli, Andrias, Gesmer, Oing, JJ.


5328 100151/16

[*1]Anna Pezhman, Plaintiff-Appellant,
v
Chanel, et al., Defendants-Respondents.


Anna Pezhman, appellant pro se.
Proskauer Rose LLP, New York (Edna D. Guerrasio of counsel), for respondents.



Order, Supreme Court, New York County (Shlomo Hagler, J.), entered November 22, 2016, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.
The allegedly defamatory statements of defendant law firm and its attorneys were made in the course of the firm's representation of defendant Chanel in a prior action and are therefore protected by the absolute privilege attaching to statements made in the course of, and relating to, judicial proceedings (see Sexter & Warmflash, P.C. v Margrabe, 38 AD3d 163, 171 [1st Dept 2007], abrogated on other grounds Front, Inc. v Khalil, 24 NY3d 713 [2015]). Because the challenged statements were "pertinent" to the proceeding in which they were made (see Sexter, 38 AD3d at 173), they are absolutely privileged. Nor is this a case like Halperin v Salvan (117 AD2d 544, 548 [1st Dept 1986]), in which "the underlying lawsuit was a sham action brought solely to defame the defendant" (Flomenhaft v Finkelstein, 127 AD3d 634, 638 [1st Dept 2015], citing e.g. Casa de Meadows Inc. [Cayman Is.] v Zaman, 76 AD3d 917, 920 [1st Dept 2010]; Sexter, 38 AD3d at 172 and n 5).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 2, 2018
CLERK