Ivancev v Garrido (2020 NY Slip Op 03190)





Ivancev v Garrido


2020 NY Slip Op 03190


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Renwick, J.P., Gische, Webber, Oing, Moulton, JJ.


11610 150434/15

[*1] Jacob Ivancev, Plaintiff-Appellant,
v
Roe Garrido, Defendant-Respondent.


Murray & Di Bella, LLP, New York (Martin J. Murray of counsel), for appellant.



Order, Supreme Court, New York County (Debra A. James, J.), entered on or about April 4, 2018, which, to the extent appealed from, granted defendant's motion to dismiss the complaint and denied plaintiff's motion for leave to amend the complaint, unanimously affirmed, without costs.
In this post-divorce tort action, plaintiff alleges two causes of action for malicious prosecution, based on two family offense proceedings defendant commenced against him, and a cause of action for defamation. In the proposed amended complaint, plaintiff asserts abuse of proceeding as an additional cause of action. Neither the original complaint nor the proposed amended complaint state a cognizable cause of action (see Davis & Davis v Morson, 286 AD2d 584, 585 [1st Dept 2001]; see CPLR 3025[b]).
The complaints fail to state a cause of action for malicious prosecution because they do not allege special injury (see Wilhelmina Models, Inc. v Fleisher, 19 AD3d 267, 269 [1st Dept 2005]). Plaintiff alleges that he lost his per diem employment as an armed security guard and was unable to find employment as a result of defendant's family offense petitions against him, because his license to carry a weapon was suspended. However, under the circumstances, these allegations fail to satisfy the requirement for special injury (see Engel v CBS, Inc., 93 NY2d 195, 206 [1999]). The original complaint does not state whether plaintiff was employed at the time he commenced this action, and does not mention his salary or the terms of his employment as an armed security guard. The proposed amended complaint alleges that plaintiff was not a full-time employee, and does not allege that he was entitled to continuing employment. The proposed amended complaint also alleges that plaintiff's employer did not offer him continuing per diem employment, but does not allege that the employer withdrew an employment offer or that other prospective employers would not hire plaintiff because of the family offense petitions (see Dermigny v Siebert, 79 AD3d 460 [1st Dept 2010]).
The complaints fail to state a cause of action for defamation (see Dillon v City of New York, 261 AD2d 34, 37-38 [1st Dept 1999]). Contrary to plaintiff's argument, his defamation claim is barred by the absolute litigation privilege and there is no evidence that the family offense proceedings were sham actions brought solely to defame him (see Flomenhaft v Finkelstein, 127 AD3d 634, 637-638 [1st Dept 2015]).
The proposed amended pleading fails to state a cause of action for abuse of process (see Curiano v Suozzi, 63 NY2d 113, 116 [1984]). Defendant commenced two family offense proceedings based on separate incidents in which plaintiff allegedly hit her, verbally abused her, and threatened to shoot her. Both petitions were dismissed; one on the merits and the other without prejudice. The mere filing of petitions is not legally considered process capable of being abused (see Curiano v Suozzi, 63 NY2d at 113).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK