Lewis v Pierce Bainbridge Beck Price Hecht LLP (2021 NY Slip Op 03911)





Lewis v Pierce Bainbridge Beck Price Hecht LLP


2021 NY Slip Op 03911


Decided on June 17, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 17, 2021

Before: Acosta, P.J., Webber, Mazzarelli, Kennedy, JJ. 


Index No. 155686/19 Appeal No. 14073-14073A Case No. 2020-04741, 2020-04752 

[*1]Donald Lewis, Plaintiff-Appellant,
v
Pierce Bainbridge Beck Price Hecht LLP et al., Defendants, Littler Mendelson, P.C., et al., Defendants-Respondents.


The Law Offices of Neal Brickman, New York (Neal Brickman of counsel), for appellant.
L'Abbate Balkan Colavita & Contini, LLP, Melville (Marian C. Rice of counsel), for respondents.



Judgment, Supreme Court, New York County (Andrea Masley, J.), entered August 11, 2020, dismissing the complaint as against defendants Littler Mendelson, P.C. and Sylvia Jeanine Conley (together, Littler), unanimously affirmed, without costs. Appeal from order, same court and Justice, entered May 27, 2020, which granted Littler's motion to dismiss, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The alleged statements made by defendant Conley in the course of litigation are immune from liability for defamation based on an absolute privilege (see Front, Inc. v Khalil, 24 NY3d 713, 718 [2015]). Plaintiff failed to show that these statements, made in a motion to dismiss plaintiff's initial New York complaint and after litigation had commenced, were "material and pertinent to the questions involved" in the litigation (id. [internal quotation marks omitted]; see Flomenhaft v Finkelstein (127 AD3d 634, 637 [1st Dept 2015] [test of pertinence is "extremely liberal"] [internal quotation marks omitted]). Conley's alleged pre-litigation statements are protected by a qualified privilege (see id. 719-720 [2015]). Plaintiff failed to show that Conley did not have a good-faith basis for anticipating that litigation was bound to occur (id. at 720). Accordingly, plaintiff's aiding and abetting defamation claim was properly dismissed.
Plaintiff's prima facie tort claim was also properly dismissed. The vague allegation that plaintiff sustained "irreparable harm" to his reputation and career is insufficient to allege the requisite special damages so as to assert a prima facie tort claim (Freihofer v Hearst Corp., 65 NY2d 135, 143 [1985]). Similarly, dismissal of the Judiciary Law § 487 claim was appropriate. While counsel's communications and statements surrounding the withdrawal of the action filed in New York, which we assume to be true on a CPLR 3211 (a)(7) motion, and defendants' subsequent reliance on said withdrawal in a California action, are troubling, the complaint fails to allege damages proximately caused by the alleged deceit (see Doscher v Mannatt, Phelps & Phillips, LLP, 148 AD3d 523, 524 [1st Dept 2017]).
Finally, plaintiff's intentional infliction of emotional distress claim was properly dismissed. The alleged conduct here is not so extreme and outrageous to satisfy the
high legal standard of the claim (see e.g. Chanko v American Broadcasting Cos. Inc., 27 NY3d 46, 57-58 [2016]).
We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2021