Napoli v James (2022 NY Slip Op 02230)

Napoli v James

2022 NY Slip Op 02230

Decided on April 05, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 05, 2022

Before: Gische, J.P., Moulton, Scarpulla, Shulman, Pitt, JJ. 

Index No. 161529/18 Appeal No. 15645-15645A&M-00738 Case No. 2020-05036, 2021-00534 

[*1]Marie Napoli, Plaintiff-Appellant,
v
Clifford James et al., Defendants-Respondents.

Napoli Shkolnik PLLC, Melville (Salvatore C. Badala of counsel), for appellant.
Furman Kornfeld & Brennan LLP, New York (A. Michael Furman of counsel), for respondents.

Judgment, Supreme Court, New York County (Alan C. Marin, J.), entered August 14, 2020, dismissing the amended complaint with prejudice, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered June 2, 2020, which granted defendants' motion to dismiss the amended complaint, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff commenced this action for malicious prosecution and violation of Judiciary Law § 487 in connection with defendants' representation of nonparty Vanessa Dennis in her prior lawsuit against plaintiff (Dennis v Napoli, Sup Ct, Nassau County, Cozzens, J., index No. 600454/16) (the Dennis Action). The malicious prosecution claim failed to sufficiently allege "the absence of probable cause" to commence or continue the Dennis Action (see Facebook, Inc. v DLA Piper LLP (US), 134 AD3d 610, 614 [1st Dept 2015], lv denied 28 NY3d 903 [2016]). The granting of a preliminary injunction in Dennis's favor in the Dennis Action (and the later repeated upholding of that injunction) created a presumption that Dennis and her lawyers had probable cause to bring that case (see Facebook, 134 AD3d at 614) — a presumption further bolstered by the fact that Dennis's claims survived two motions to dismiss (see Manhattan Sports Rests. of Am., LLC v Lieu, 146 AD3d 727, 727 [1st Dept 2017]).
Plaintiff's assertion that denial of the motions to dismiss was based on fraudulent evidence — namely, allegedly fabricated defamatory messages — was not sufficient to rebut the presumption of probable cause. The evidence that these messages were fabricated is inconclusive but, even if fabricated, the messages represented only a subset of the alleged defamatory statements, many of which were inarguably made by plaintiff. At any rate, defamation was only one of several claims asserted in the Dennis Action.
The Judiciary Law § 487 claim was also correctly dismissed for failure to sufficiently allege that defendants intentionally deceived the court through "egregious conduct or a chronic and extreme pattern of behavior" (see Facebook, 134 AD3d at 615).
In light of our determination, we need not reach the parties' arguments with respect to the doctrine of res judicata.
M-2022-00738 — Napoli v James
Motion to withdraw the appeal denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 5, 2022