Lewis v Pierce Bainbridge Beck Price & Hecht LLP (2022 NY Slip Op 03448)





Lewis v Pierce Bainbridge Beck Price & Hecht LLP


2022 NY Slip Op 03448


Decided on May 26, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 26, 2022

Before: Manzanet-Daniels, J.P., Kapnick, Shulman, Rodriguez, Pitt, JJ. 


Index No. 155686/19 Appeal No. 16030 Case No. 2021-03150 

[*1]Donald Lewis, Plaintiff-Appellant,
v
Pierce Bainbridge Beck Price & Hecht LLP, et al., Defendants, Littler Mendelsohn, P.C., et al., Defendants-Respondents.


The Law Offices of Neal Brickman, P.C., New York (Ethan Leonard of counsel), for appellant.
L'Abbate, Balkan, Colavita & Contini, L.L.P., Melville (Marian C. Rice, Nicole Feder and Meredith D. Belkin of counsel), for respondents.



Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about April 24, 2021, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion to reargue and, upon reargument, denied the motion for leave to file a second amended complaint, unanimously affirmed, without costs.
Supreme Court did not abuse its discretion in denying leave to amend, as the proposed second amended complaint "did not lay before the court any different or additional factual basis, but merely repeated what was in the original complaint" (Ibarrondo v Evans, 191 AD3d 602, 603 [1st Dept 2021] [internal quotation marks omitted]; see CPLR 3025[b]). Moreover, our affirmance of Supreme Court's dismissal of the complaint as against defendants Littler Mendelsohn, P.C. and Sylvia Jeanine Conley (Lewis v Pierce Bainbridge Beck Price Hecht LLP, 195 AD3d 518 [1st Dept 2021]), is the law of the case (see Massey v Byrne, 164 AD3d 416, 416 [1st Dept 2018]). Because plaintiff alleged no new facts that had transpired since this litigation was commenced, and the allegations were known, at a minimum, at the time of his first amended complaint, Supreme Court's denial of the motion for leave to file a second amended complaint was not an improvident exercise of its discretion. In any event, we find that the proposed claims asserted in the second amended complaint are "palpably insufficient" or "devoid of merit" (Cruz v Brown, 129 AD3d 455, 456 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 26, 2022