Yan v Mo (2023 NY Slip Op 01858)

Yan v Mo

2023 NY Slip Op 01858

Decided on April 06, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 06, 2023

Before: Renwick, A.P.J, Kapnick, Friedman, Moulton, Kennedy, JJ. 

Index No. 159213/19 Appeal No. 17662-17663-17664 Case No. 2021-03681, 2021-04079, 2021-04080 

[*1]David Yan, Plaintiff-Appellant,
v
Hugh H. Mo et al., Defendants-Respondents, Joanne Wang Orphanides, Defendant.

David Yan, appellant pro se, Flushing.
The Law Firm of Hugh H. Mo, P.C., New York (Elizabeth L. Mo of counsel), for respondents.

Appeals from order, Supreme Court, New York County (Shawn T. Kelly, J.), entered on or about April 6, 2021, which granted defendants' motions to dismiss the complaint pursuant to CPLR 3211(a)(1) and (7), and denied plaintiff's cross motion for leave to amend the complaint, deemed appeal from judgment (CPLR 5520[c]), same court and Justice, entered July 14, 2021, dismissing the complaint, and, so considered, unanimously affirmed, with costs.
Plaintiff's appeals were timely perfected in accordance with the prior orders of this Court and defendants Hugh H. Mo, Elizabeth L. Mo, Pedro Medina, Jr., and The Law Firm of Hugh H. Mo, P.C. articulate no other persuasive basis to dismiss plaintiff's appeal from the judgment.
Supreme Court properly determined that defendants were entitled to absolute immunity for their allegedly defamatory statements, which were made in connection with a federal court action (see Front, Inc. v Khalil, 24 NY3d 713, 718 [2015]; CPLR 3211 [a] [1], [7]). Contrary to plaintiff's contentions, the statements were pertinent to the federal action, and the statements were not made as part of a sham action brought solely to defame the defendants in that action (see Flomenhaft v Finkelstein, 127 AD3d 634, 637-638 [1st Dept 2015]).
The court providently exercised its discretion when it denied plaintiff leave to amend the complaint because the claims proposed in the amended complaint were devoid of merit (see generally Leyton v Siegel, 212 AD3d 521, 523 [1st Dept 2023]; CPLR 3025 [b]). The allegedly defamatory statements set forth in that pleading are privileged for the reasons discussed above. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2023