| Abitbol v Rice |
| :---: |
| 2024 NY Slip Op 32305(U) |
| July 8, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158841/2022 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   HON. MARY V. ROSADO                  PART          33M

_Justice_

-------------------------------------------------------------------X

TAJA FRANI ABITBOL,                        INDEX NO.      158841/2022

                      Plaintiff,        MOTION DATE    04/01/2024

              - v -                MOTION SEQ. NO.    003

DANIEL RICE, 10 WEST END AVENUE #14B LLC,THE
ANDREWS ORGANIZATION, INC.,THE 10 WEST END
AVENUE CONDOMINIUM, AN UNINCORPORATED
ASSOCIATION, THE BOARD OF MANAGERS OF THE 10
WEST END AVENUE CONDOMINIUM, AN
UNINCORPORATED ASSOCIATION, JOHN OR JANE
DOE, AS PRESIDENT OF THE BOARD OF MANAGERS        **DECISION + ORDER ON**
OF THE 10 WEST END AVENUE CONDOMINIUM, AN               **MOTION**
UNINCORPORATED ASSOCIATION, JOHN OR JANE
DOE, AS TREASURER OF THE BOARD OF MANAGERS
OF THE 10 WEST END AVENUE CONDOMINIUM, AN
UNINCORPORATED ASSOCIATION

                      Defendant.

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 003) 32, 33, 34, 35, 36, 37, 49, 50, 61, 64, 65, 66, 69, 70, 71, 75, 76, 77, 78, 79, 80, 81, 82, 83

were read on this motion to/for                    DISMISSAL                    .

     Upon the foregoing documents, Defendant Daniel Rice's ("Defendant") motion to dismiss

Plaintiff Taja Frani Abitbol's ("Plaintiff") Complaint against him is granted.

## I.     Background

     This action arises out of a fire and ensuing water damage at the condominium at 10 West

End Avenue, New York, NY 10023 (the "Building") (NYSCEF Doc. 25 at ¶¶ 11-12). Plaintiff

resided in Apartment #14B in the Building and Defendant lived in Unit 12G (_id._ at ¶¶ 12-13). The

morning of November 6, 2019, Plaintiff lit a candle to "cleanse energy and heal her Chakras" (_id._

at ¶ 20). Plaintiff alleges she blew out the candle and took her son to school. Nonetheless, a fire

1 of 8

somehow ignited, and the fire sprinkler systems were triggered (*id.* at ¶ 27). Defendant's unit sustained water damage (*id.* at ¶ 48).

Plaintiff alleges that sometime in July of 2022, Defendant told Fire Marshal Anthony Henry of the FDNY that Plaintiff deliberately started the fire to gain notoriety and be cast on "Real Housewives of New York" (*id.* at ¶ 53). Plaintiff also alleges that in June of 2022, Defendant drafted and filed a civil complaint in *Rice v. Abitbol*, Index No.:155555/2022 (the "Parallel Action") alleging that Plaintiff deliberately caused the fire and sent the complaint to news media outlets, including I Love The Upper West Side ("ILTUWS") (*id.* at ¶ 61). Plaintiff claims Defendant made additional defamatory comments to the New York Post by asserting that the investigation into the fire was an "open arson investigation from what I have been told." (*id.* at ¶ 73). Plaintiff alleges these statements constitute defamation *per se* because they accuse her of committing a criminal act. She also claims intentional infliction of emotional distress and seeks declaratory judgment. Defendant moved to dismiss pursuant to CPLR 3211(a)(7) and (g) (NYSCEF Doc. 32).

## II. Discussion

### A. IIED and Declaratory Judgment

As a preliminary matter, Plaintiff's intentional infliction of emotional distress ("IIED") claim is duplicative of her defamation claims and is therefore dismissed (*see Reeves v Associated Newspapers, LTD.*, 210 NYS3d 25 [1st Dept 2024] citing *Fleischer v NYP Holdings, Inc.*, 104 AD3d 536, 538-559 [1st Dept 2013], *lv denied* 21 NY3d 858 [2013]; *see also Schnur v Balestiere*, 208 AD3d 1117, 1118-19 [1st Dept 2022]). The same is true of the declaratory judgment cause of action, which seeks identical relief to the defamation action – namely a declaration that the fire

158841/2022   ABITBOL, TAJA FRANI vs. RICE, DANIEL ET AL
Motion No. 003

Page 2 of 8

was accidental, and Defendant's statements were false. Thus, the declaratory judgment cause of action is also dismissed.

### B. Anti-SLAPP Statute

To prevail on a motion to dismiss based on an anti-SLAPP law defense, the defendant bears the initial burden of proving the action is a strategic lawsuit against public participation ("SLAPP") suit (CPLR 2311[g][1]). Once this showing has been made, a Plaintiff must show the lawsuit has a substantial basis in law (*id.*; *see also Reeves v Associated Newspapers, LTD.*, 210 NYS3d 25 [1st Dept 2024]). The First Department has recently held that a "substantial basis in law" means "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*Reeves, supra* citing *Smartmatic USA Corp. v Fox Corp.*, 213 AD3d 512 [1st Dept 2023]). It is less than a 'preponderance of the evidence standard' but more demanding than an ordinary CPLR 3211(a)(7) standard (*Reeves, supra* at 34-35 citing *300 Gramatan Avenue Associates v State Division of Human Rights*, 45 NY2d 176 [1978]). The Court must look beyond the pleadings to determine whether the claim alleged is supported by substantial evidence (*id.* citing *Castle Village Owners Corp. v Greater New York Mutual Ins. Co.*, 58 AD3d 178, 183 [1st Dept 2008]).

A SLAPP suit encompass claims based on any communication in a place open to the public or a public forum in connection with an issue of public interest, or any other lawful conduct in furtherance of the exercise of free speech in connection with an issue of public interest (Civil Rights Law s 76-a[1][a][1]-[2]). Allegations of criminal conduct and statements related to judicial proceedings constitute an issue of public interest pursuant to the anti-SLAPP law (*Reeves, supra* at 33 citing *Hayt v Newsday, LLC*, 176 AD3d 787 [2d Dept 2019]). Statements made to the media or a governmental body charged with investigating conduct are considered statements made in

**158841/2022   ABITBOL, TAJA FRANI vs. RICE, DANIEL ET AL**
**Motion No. 003**

**Page 3 of 8**

[* 3]

public forums (*see 215 West 84th St. Owner LLC v Bailey,* 217 AD3d 488 [1st Dept 2023]; *Mora v Koch,* 79 Misc.3d 434 [Sup. Ct., Dutchess Co. 2023]).

The Court finds that Defendant has shown that each of the alleged defamatory statements fall within the anti-SLAPP law's ambit. Specifically, the allegedly defamatory conduct all pertains to the circumstances surrounding a fire in a 173-unit condominium building. The allegedly defamatory conduct also pertains to the potentially criminal act of arson. A fire breaking out in a large condominium building, and allegations of criminal conduct related to that fire, constitute matters of public interest (*Reeves, supra* at 33 citing *Hayt v Newsday, LLC,* 176 AD3d 787 [2d Dept 2019]). The statements made to the media publications I Love the Upper West Side and the New York Post are statements made in a public forum (*see 215 West 84th St. Owner LLC v Bailey,* 217 AD3d 488 [1st Dept 2023]). As are the statements made to an FDNY fire investigator who was charged with investigating the cause and origin of the fire (*Mora v Koch,* 79 Misc.3d 434 [Sup. Ct., Dutchess Co. 2023]). This means the burden is on Plaintiff to show her defamation claim has a substantial basis in law, and there must be substantial evidence that Defendant made false statements with knowledge of their falsity or reckless disregard of their falsity.

## C. The FDNY Statements

Defendant's allegedly defamatory statements to the FDNY, made in July of 2022 are protected under the absolute litigation privilege (*Front, Inc. v Khalil,* 24 NY3d 713 [2015]). As noted by the Court of Appeals, absolute immunity from liability for defamation exists for oral or written statements made by a party in connection with a proceeding before a court when such words or writings are material and pertinent to the questions involved in the litigation (*id.; see also Lewis v Pierce Bainbridge Beck Price Hecht LLP,* 195 AD3d 518 [1st Dept 2021]). This privilege applies to out of court statements made to potential witnesses (*Jamal v Weil,* 116 AD3d 732 [2d

158841/2022  ABITBOL, TAJA FRANI vs. RICE, DANIEL ET AL
Motion No. 003

Page 4 of 8

[* 4]

Dept 2014]). Indeed, there is a deep-rooted, long-standing public policy in favor of a person's right to make statements during the course of court proceedings without penalty so long as the statements are pertinent to litigation (*Frechtman v Gutterman*, 115 AD3d 102, 106 [1st Dept 2014]).

The statements made to the FDNY, which Plaintiff alleges occurred in July of 2022, occurred during the pendency of Defendant's lawsuit for property damage from the fire, which was initiated in July of 2022 (NYSCEF Doc. 34). The statements were pertinent to the ongoing litigation since they pertain to the cause and origin of the fire which caused the damages Defendant seeks to recoup in the Parallel Action. As an FDNY fire marshal involved with investigating the fire, the allegedly defamatory statements were made to a potential witness related to issues involved in the Parallel Action. Thus, Defendant's July 2022 statements to the FDNY are absolutely privileged and non-actionable. There is no substantial basis in law to bring a defamation claim based on these statements.

### D. Statements to ILTUWS

The dissemination of Defendant's complaint in the parallel action to ILTUWS is protected by the fair reporting privilege. Civil Rights Law § 74 protects speakers from civil liability for the publication of a fair and true report of a judicial proceeding. The question is whether the reporting was an accurate description of the claims made in the proceeding (*Mulder v Donaldson*, 161 Misc 2d 698, 705 [Sup Ct, NY County 1994], *affd* 208 AD2d 301 [1st Dept 1995]; *see also Haart v Scaglia*, 78 Misc3d 1228[A] [Sup. Ct. 2023] [Hoffman, J.]).

Defendant's Complaint in the parallel action has survived a motion to dismiss and has not been shown to be a sham, and the issue of whether the fire was intentionally caused is being actively litigated. The article, which was published after Defendant's Complaint was filed,

**158841/2022   ABITBOL, TAJA FRANI vs. RICE, DANIEL ET AL**
**Motion No. 003**

Page 5 of 8

5 of 8

contains an accurate description of the allegations and is thus protected by the statutory fair reporting privilege (*see also WA Route 9, LLC v PAF Capital LLC*, 136 AD3d 522 [1st Dept 2016] [dissemination of report on pending litigation protected by fair reporting privilege]). Specifically, the article notes that there are allegations that the fire either occurred negligently or intentionally, and that Defendant was seeking monetary compensation as a result of the fire. The article also documents Plaintiff's four failed attempts at appearing on the Real Housewives of New York, and the potentially circumstantial evidence that the fire was used as a publicity stunt as it occurred just one day prior to Plaintiff joining a talk show wherein she talked extensively about the fire.

To the extent Plaintiff argues only a qualified privilege exists, and there is substantial evidence of actual malice, the Court disagrees. There is ample evidence of Plaintiff attempting to gain notoriety from the fire by talking about it on talk shows and publicizing the fire on her Instagram. Plaintiff was also featured in a New York Page Six article just three months prior to the fire as being someone who was "obsessed" with getting on Real Housewives of New York and had apparently failed four auditions. Defendant therefore had a good faith basis in alleging in his complaint and discussing with the press his belief that Plaintiff may have intentionally caused the fire to gain notoriety and publicity, and the draft complaint was circulated with the good faith anticipation that litigation would be forthcoming in the following weeks (*Tacopina v O'Keefe*, 645 Fed Appx 7 [2d Cir 2016]). The qualified privilege therefore applies, and there is no substantial basis in law for a defamation suit based on Defendant's circulation of a draft complaint to ILTUWS shortly prior to filing the complaint.

### E. New York Post E-Mail

To the extent Defendant's inquiry via e-mail to the New York Post can even be considered defamatory, the Court finds Plaintiff has failed to show substantial evidence of actual malice to

**158841/2022   ABITBOL, TAJA FRANI vs. RICE, DANIEL ET AL**
**Motion No. 003**

Page 6 of 8

6 of 8

[* 6]

survive Defendant's CPLR 3211(g) motion to dismiss. The allegedly defamatory statements merely consist of Defendant inquiring why an arson investigation was not mentioned in the New York Post article and then stating that based on what he was told that there was an ongoing arson investigation. Defendant's inquiry, which appears to have been based on information (or misinformation) he had received from the FDNY, does not show the requisite actual malice needed to survive a CPLR 3211(g) motion to dismiss (*see, e.g. Gillespie v Kling*, 217 AD3d 566 [1st Dept 2023] [once Defendant shows anti-SLAPP law applies, burden is on Plaintiff to show statements were false and made with knowledge of falsity or reckless disregard of whether statements were false]; *see also Carey v Carey*, 220 AD3d 477 [1st Dept 2023] [anti-SLAPP motion to dismiss granted where Plaintiff failed to show sufficient evidence of actual malice]).

Here, Plaintiff has provided no evidence to show that Defendant's inquiry to the New York Post was made with knowledge of its falsity or reckless disregard. Nor has Plaintiff requested limited anti-SLAPP discovery to ascertain further information to oppose the motion (*Reeves v Associated Newspapers Ltd.*, 210 NYS3d 25 [1st Dept 2024 ["[n]otably, plaintiffs did not request any of the special discovery made available under the anti-SLAPP law to aid them in showing that their claim had a "substantial basis"]). Plaintiff has not met her heightened burden under the anti-SLAPP law, and thus her defamation claims against Defendant are dismissed. Because Defendant has succeeded on his CPLR 3211(g) motion to dismiss, he is entitled to an award of attorneys' fees (*Goldman v Abraham Heschel School*, 227 AD3d 544 [1st Dept 2024]).

Accordingly, it is hereby,

ORDERED that Defendant Daniel Rice's motion to dismiss Plaintiff Taja Frani Abitbol's Complaint against him is granted; and it is further

158841/2022  ABITBOL, TAJA FRANI vs. RICE, DANIEL ET AL
Motion No. 003

Page 7 of 8

7 of 8

ORDERED that Plaintiff's Taja Frani Abitbol's Complaint is hereby dismissed as to Defendant Daniel Rice

ORDERED that pursuant to CRL § 70-a Defendant is entitled to an award of attorneys' fees and costs; and it is further

ORDERED that within thirty (30) days of entry of this Decision and Order, counsel for Defendant shall submit a fee application consisting of an affirmation along with detailed supporting exhibits documenting the attorneys' fees expended in this litigation via NYSCEF and via e-mail to SFC-Part33-Clerk@nycourts.gov. Within fourteen (14) days of receipt of Defendant's fee application, Plaintiff shall serve objections, if any, to the amount of fees Defendant seeks via NYSCEF and e-mail to SFC-Part33-Clerk@nycourts.gov. Within seven (7) days of Plaintiff's objections, if any, Defendant shall serve a reply via NYSCEF and via e-mail to SFC-Part33-Clerk@nycourts.gov.

ORDERED that within ten days of entry, counsel for Defendant shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 7/8/2024 | | | May V Rosad JSC | |
|----------|--|--|-----------------|--|
| **DATE** | | | **HON. MARY V. ROSADO, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|---|----------------------|---|
| | x | GRANTED | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

158841/2022   ABITBOL, TAJA FRANI vs. RICE, DANIEL ET AL
Motion No.  003

Page 8 of 8

[* 8]

8 of 8