Peck v Milbank LLP (2025 NY Slip Op 05895)

Peck v Milbank LLP

2025 NY Slip Op 05895

Decided on October 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 23, 2025

Before: Renwick, P.J., Kennedy, Mendez, O'Neill Levy, Chan, JJ. 

Index No. 152290/22|Appeal No. 5040|Case No. 2024-05450|

[*1]Ian Peck et al., Plaintiffs-Respondents,
v
Milbank LLP, et al., Defendants-Appellants.

Milbank LLP, New York (Robert C. Hora of counsel), for appellants.
Press Koral LLP, New York (Matthew J. Press of counsel), for respondents.

Order, Supreme Court, New York County (Andrew Borrok, J.), entered July 29, 2024, which, insofar as appealed from as limited by the briefs, denied defendants' motion to dismiss as to the cause of action for violation of Judiciary Law § 487, unanimously reversed, on the law, with costs, and the motion granted.
The cause of action for violation of Judiciary Law § 487 fails to allege any cognizable acts of deception. Plaintiffs alleged that defendants' commencement and pursuit of enforcement litigation on certain notes was knowingly false and misleading insofar as defendants knew that the enforcement litigation was contrary to the decedent noteholder's estate plan. Even if defendants indirectly controlled the note litigation, the alleged misconduct — pursuing litigation in (possible) violation of the terms of a trust — is not the type of intentional misrepresentation addressed by Judiciary Law § 487. As this Court has previously recognized, it is not clear what the trust provision means or whether it was even operative before probate of the will (see Matter of Peck, 191 AD3d 537, 537 [1st Dept 2021]). Even if the individual defendant, attorney Georgiana J. Slade, Esq., at some point subjectively believed that the trust provision barred enforcement of the notes, she was entitled to change her mind or to press a different, also-reasonable interpretation in zealously advocating for her client, even if that interpretation might ultimately be found to be without merit (see Bill Birds, Inc. v Stein Law Firm, P.C., 35 NY3d 173, 180 [2020]; Kaufman v Moritt Hock & Hamroff, LLP, 192 AD3d 1092, 1093 [2d Dept 2021]; see also Alliance Network, LLC v Sidley Austin LLP, 43 Misc 3d 848, 860 [Sup Ct, NY County 2014]).
Plaintiffs separately allege that defendants improperly represented the decedent and his estate despite the existence of undisclosed conflicts of interest. Insofar as defendants never represented the decedent in litigation, "there was no court or party to be deceived within the meaning of the statute" with respect to this representation (see Bill Birds, 35 NY3d at 178-179; see also Doscher v Manatt, Phelps & Phillips, LLP, 148 AD3d 523, 524 [1st Dept 2017]). Although defendants did represent the decedent's estate in court, no qualifying conflict of interest has been alleged (see generally Rules of Professional Conduct [22 NYCRR] § 1200.0, Rule 1.7[a]). Plaintiffs alleged that Slade's father shared financial interests with the decedent and harbored personal animosity toward plaintiff, but plaintiffs did not allege that Slade shared her father's negative feelings or that she knew she stood to inherit the shared investments, even if she was aware that they existed. Nor have plaintiffs explained how having such a shared financial interest would adversely affect Slade's professional judgment in the context of the note or probate litigation (see Power Play 1 LLC v Norfolk Tide Baseball Club, LLC, 2017 WL 5312193, 2017 US Dist LEXIS 187365, *8-10, *3-4 [SD NY Nov. 13, 2017, 17cv4831]).
Plaintiffs additionally alleged that Slade misrepresented in an affidavit filed in the note litigation that the decedent's estate plan did not bar enforcement of the notes. But for the reasons explained above, this reading of the trust provision was not unreasonable, even if it conflicted with Slade's own prior subjective understanding of this provision. That Slade claimed to have a different recollection of the substance of a phone call also does not suggest any intentional misrepresentation.
Plaintiffs also alleged that Slade misrepresented in her depositions in the note litigation and probate proceeding that she was not aware during the decedent's lifetime of her father's co-investment in property with him. Insofar as the second deposition was taken after defendants formally withdrew as counsel, it is outside the purview of Judiciary Law § 487 (see Altman v DiPreta, 204 AD3d 965, 968-969 [2d Dept 2022], lv denied 38 NY3d 913 [2022]; Manhattan Sports Rests. of Am., LLC v Lieu, 137 AD3d 504, 505 [1st Dept 2016]). The statements in the first deposition — that Slade "had no specific recollection" of having any contemporaneous knowledge of such co-investments — were not inconsistent with the existence of two footnotes referencing the co-investments in a much longer memorandum drafted over ten years earlier.
In view of our disposition of these issues, we need not reach the parties' arguments with respect to the judicial proceedings privilege, the appropriateness of a collateral action, the egregiousness of the alleged conduct, or the sufficiency of the damages allegations. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 23, 2025