Motcomb Estates, Ltd. v CMB Export Infrastructure Inv. Group 48, LP

2026 NY Slip Op 03234

May 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Motcomb Estates, Ltd., et al., Plaintiffs-Appellants,

v

CMB Export Infrastructure Investment Group 48, LP, et al., Defendants-Respondents.

Decided and Entered: May 21, 2026

Index No. 653343/24|Appeal No. 6702|Case No. 2025-01517|

Before: Moulton, J.P., González, O'Neill Levy, Chan, Hagler, JJ.

Otterbourg P.C., New York (Richard G. Haddad of counsel), for appellants

Lewis Brisbois Bisgaard & Smith LLP, New York (Jonathan Preziosi of the bar of the State of New Jersey, admitted pro hac vice, of counsel), for respondents.

[*1]

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered on or about February 17, 2025, which granted defendants' motion to dismiss the complaint pursuant to CPLR 3211(a)(7), unanimously affirmed, without costs.

The complaint, which asserted a single cause of action, for malicious prosecution, was properly dismissed for failure to sufficiently allege the absence of probable cause to initiate or continue the underlying action (see Cold Spring Advisory Group, LLC v National Sec. Corp., 226 AD3d 612, 613 [1st Dept 2024]).

A presumption of probable cause was created by the motion court's orders in the prior action granting plaintiff's motion for a preliminary injunction, denying defendants' motion to dismiss, and denying defendants' motions to renew. Plaintiffs' allegations were insufficient to overcome this presumption. Notably, in the motion to renew,the motion court considered the effect of the Term Sheet on which plaintiffs now rely as evidence that defendants knew their claim in the prior action was without merit (see Napoli v James, 204 AD3d 413, 413-414 [1st Dept 2022]; Hornstein v Wolf, 109 AD2d 129, 132 [2d Dept 1985], affd 67 NY2d 721, 723 [1986]).

Neither the Term Sheet nor any of the alleged fraudulent misrepresentations that plaintiffs assert were contradicted by the Term Sheet persuaded the motion court that defendants did not have a colorable claim that plaintiffs concealed from defendants the transfer restrictions included in the Participation Agreement, and their negative effect on defendants. The reversal of the motion court's orders by this Court (CMB Export Infrastructure Inv. Group 48, LP v Motcomb Estates, Ltd., 223 AD3d 513 [1st Dept 2024]) is not dispositive of whether defendants had probable cause to commence the underlying action in the first instance (see I.G. Second Generation Partners, L.P. v Duane Reade, 17 AD3d 206, 207 [1st Dept 2005]; see also Web Mgt. LLC v Sphere Drake Ins., 302 AD2d 273, 273 [1st Dept 2003]).

We have considered plaintiffs' remaining arguments and find them unavailing.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 21, 2026